GRANT v. REEVES.

No. 31734. April 10, 1945.

Rehearing Denied May 15, 1945.

*158 P. 2d 479.*

Whitten & Whitten and James R. McKinney, all of Oklahoma City, for plaintiff in error.

Edward M. Box, of Oklahoma City, for defendant in error.

CORN, J. This is an appeal from an order of the court of common pleas of Oklahoma county recalling an execution, levied on the property of Emit Reeves.

A brief statement of the facts involved in this case is as follows:

On September 22, 1939, Dr. V. V. Grant secured a joint and several judgment against Emit Reeves and W. E. Leeper in the court of common pleas of Oklahoma county.

Various unsuccessful executions and garnishments were issued to enforce the collection of the judgment, and on May 4, 1940, a garnishment served on the National Tank Company affecting the earnings of the defendant W. E. Leeper was released by order of the trial court, to wit:

"Order Discharging Garnishee.

"Whereas, it appears that the defendant, W. E. Leeper, has made satisfactory arrangements for liquidating the judgment of the plaintiff;

"It is therefore ordered that the National Tank Company, garnishee in the above entitled cause, be discharged."

W. E. Leeper did not pay the judgment, and when an execution was served upon the property of the defendant Reeves, he moved to recall the execution and the trial court held that the above order, discharging garnishee, released the judgment as against Reeves and recalled the execution.

A request for specific findings of fact was made by the plaintiff and granted, and in part they are as follows:

"III. In defendant's third paragraph of the motion to recall execution he states that said judgment has been fully satisfied and discharged.

"Do you find from the evidence in this case that there has ever been a satisfaction and discharge of this judgment by either defendant?

"The court finds that said judgment has been fully satisfied and discharged as against the defendant, Emit Reeves.

"VIII. From the evidence introduced, do you find that the plaintiff expressly or impliedly agreed to accept or hold W. E. Leeper rather than Emit Reeves as the obligor primarily liable for payment of the judgment?

"Court finds that judgment against Emit Reeves released, satisfied and discharged, and is not passing upon any agreement or obligation of Leeper.

"XIII. Do you find that there has been any sums of money other than the Ten ($10.00) Dollars brought out in the testimony, which was credited on court costs, been paid on this judgment?

"Regardless of credits, Court in rendering judgment considers prior releases of garnishment proceedings against Leeper by plaintiff without consent of co-debtor Reeves, and findings and order made and entered by Judge Traub."

Upon these findings the court rendered judgment in part to wit:

"The court finds that the said motions are in all things proper and should be sustained, and that the execution heretofore isued in said cause should be recalled, quashed, set aside and held for naught, and that the judgment rendered in said cause in so far as it concerns the defendant, Emit Reeves, was released, satisfied, discharged under and by virtue of an order of this court heretofore made on the 4th day of May, 1940."

416

Plaintiff claims the judgment as to Reeves was not released in any manner, and the reason given by the court for issuing the order discharging the garnishee was that the defendant Leeper had made satisfactory arrangements to liquidate the judgment, and for that purpose only.

Evidence was offered on behalf of the plaintiff to show that the arrangement W. E. Leeper had made was not complied with, and that the judgment was upheld. This evidence was excluded by the court upon objection by the defendant.

In Woods v. Locke et al., 49 Idaho 486, 289 P. 610, the Supreme Court of the State of Idaho, in the second paragraph of the syllabus, held:

"Agreement to satisfy or release judgment, if executory, does not effect release until fully performed, and on default, creditor is remitted to original remedy."

"Provided there is consideration, a judgment creditor may make a valid and binding agreement, either at the time the judgment is entered, or subsequently, to release and satisfy it on other terms than receiving payment of its amount, as where he agrees to accept real or personal property, service, the transfer of another debt, or an exchange of securities. If the consideration is already vested, the agreement itself operates in law as a satisfaction of the judgment; but if the contract is executory, there is no release of the judgment until it is performed, and while the creditor cannot rescind it without good cause, the debtor is bound to perform its conditions punctually and fully, in default of which the creditor is remitted to his original rights under the judgment, unless punctual performance is waived." 34 C.J. 701, par. 1083.

The judgment of the trial court recalling the execution is reversed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.