[Civ. No. 3864.   Fourth Dist.   Dec. 16, 1948.]

MADGE ROCKS et al., Plaintiffs and Respondents, v. LOUIS HAMBURGER et al., Defendants and Respondents; EDWARD W. JONES et al., Cross-complainants and Appellants; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Cross-defendant and Respondent.

Vernon P. Spencer and Philip H. Harris for Cross-complainants and Appellants.

Thompson & Colegate for Plaintiffs and Respondents.

K. E. Schwinn for Defendants and Respondents.

MUSSELL, J.—Appeal from judgment in an action for real estate broker's commission.

Plaintiffs Madge Rocks and Lowell Wheeler commenced this action against Louis Hamburger and Celia Hamburger, defendants, to recover a real estate commission. Plaintiffs alleged that as real estate brokers, and pursuant to agreements with the defendants they, the plaintiffs, were entitled to a commission in the sum of $1,500 from defendants Louis Hamburger and Celia Hamburger, owners of the real property. The defendants filed their answer alleging that the purchasers of the property, Edward W. Jones and Viola F. Jones, did not carry out the terms of the contract of purchase and sale and that plaintiff brokers had not found purchasers who were ready, willing or able to purchase the property. It was further alleged that they, the defendants, under the terms of a certain sales deposit slip, were entitled to one-half of the $1,500 deposit money paid by the purchasers. Defendant owners then filed a cross-complaint against the plaintiff brokers, the Bank of America as escrow agent of and holder of the deposit money, and against the purchasers of the property. By their cross-complaint defendant owners sought to recover one-half of the deposit money. Plaintiff brokers, in their answer to the cross-complaint, filed a general denial and took issue with the defendant owners' interpretation of the terms of the sales deposit receipt. Cross-defendants Jones, in their answer to the owners' cross-complaint, alleged that they were at all times ready, willing and able to perform their obligations under the contract of purchase and sale; that the defendant owners had defaulted under the agreement; that the sales deposit receipt attached to the owners' cross-complaint was not a true copy of the deposit receipt as signed by them. The Joneses filed a cross-complaint for money had and received and asked for the return to them of the deposit of $1,500, and that the plaintiff brokers and defendant owners take nothing.

Some time prior to August 14, 1946, the defendants Mr. and Mrs. Hamburger authorized the plaintiffs Rocks and Wheeler, as real estate brokers, to procure a purchaser for a duplex then being constructed at Palm Springs, and owned by Mr. and Mrs. Hamburger. The brokers prepared and presented to the purchasers a sales deposit receipt and Edward W. and Viola F. Jones signed one copy as purchasers. A carbon copy of the receipt was presented to the Hamburgers for signature. The receipt contained a provision to the

effect that if the balance of the first payment on the property was not deposited in escrow on or before December 10, 1946, the amount paid ($1,500) was to be retained and forfeited to realtor. The words "& seller—50-50" were added immediately after the word "realtor" and the Hamburgers then signed the carbon copy indicating their acceptance of the terms thereof. The change was made in the receipt without the knowledge and consent of the purchasers and was not called to their attention until after suit was filed. On September 11, 1946, the sellers and purchasers executed escrow instructions and the deposit of $1,500 was received by the bank as escrow agent. On December 10, 1946, the escrow instructions were modified, at the request of purchasers, extending the time to January 2, 1947. The purchasers inspected the premises prior to December 10, 1946, at which time sellers had not installed a Panel Ray heating unit, as agreed. Mr. Hamburger informed Mrs. Jones that he would install an electric heater temporarily, and the Panel Ray heater was installed at the end of December, 1946.

The purchasers were not given permission to inspect the premises after December 10, 1946. On January 2, 1947, the owners made demand for performance of the contract on the part of the purchasers, who did not deposit any further sums in escrow. The escrow was not concluded and the owners later sold the property to a third party.

The bank, named as cross-defendant, deposited in court the sum of $1,500, less $25 escrow charges, and the action was by stipulation dismissed as to it.

The judgment of the trial court was that the plaintiff brokers were entitled to one-half of the deposit; that the owners of the property were entitled to the remaining one-half and that the purchasers had no right, title, or interest in the sum deposited by them.

Appellants Edward W. and Viola F. Jones first contend that since they were not named as defendants in the original complaint, no judgment could be rendered against them in the action.

This contention is not tenable. ■ In determining the issues raised and the relief to be granted, the pleadings of all parties are to be considered. (*Estrin* v. *Superior Court,* 14 Cal.2d 670, 676 [96 P.2d 340].) ■ Appellants were brought into the action by the cross-complaint of the owners of the property who claimed one-half of the deposit made by appellants. In their cross-complaint appellants sought the

return of all the money deposited by them. The court had jurisdiction of the parties and the subject matter. It had the authority to hear and determine and to render judgment on the issues presented. (*Estrin* v. *Superior Court, supra,* p. 678.)

■ It is next contended that when the original sales deposit receipt was signed by the purchasers it constituted an offer to buy the property, which offer was not accepted because of the addition of the words which in effect provided that in the event of forfeiture the deposit should be forfeited one-half to the brokers and the remaining one-half to the owners. The copies of the receipt retained by the owners and brokers contained the additional words, while the signed copy returned to the purchasers was unchanged. Appellants now argue that this was a conditional acceptance, constituting a rejection of the offer to purchase. We cannot agree with this contention. The owners accepted the offer in the exact terms upon which the purchasers offered to buy. The addition of the words transferring one-half of any forfeited deposit to the owners did not change the terms of the offer to purchase, and the purchasers were not in any way prejudiced by it nor were their rights affected.

■ It is next contended that the clause in the deposit agreement providing for the forfeiture of the deposit in the event the balance of the purchase price was not paid within the time specified, is void, being a contract for liquidated damages. Sections 1670 and 1671 of the Civil Code are cited in support of this contention. These sections have no application to the contract for the sale of real property here involved. (*Wright* v. *Rodgers,* 198 Cal. 137 [243 P. 866].)

■ A vendee who is in default cannot maintain an action to recover sums previously paid on the contract for the sale of real property. (*Keelan* v. *Belmont Co.,* 73 Cal.App.2d 6, 10 [165 P.2d 930].) ■ The sellers of the real property herein, assuming that the contract was breached by the purchasers, were entitled to treat the contract as at an end and retain whatever had been paid thereon. (*Peak* v. *Jurgens,* 5 Cal.App.2d 573, 577 [43 P.2d 569].)

■ It is finally urged that the evidence is not sufficient to sustain the finding of the court that the defendants and cross-complainants had performed all of their obligations under the terms of the contract. The escrow instructions were modified to extend the time within which the purchasers could make the deposit called for in the agreement. The payment was not made. The only particulars in which the purchasers

claimed that the building was not completed were in the installation of Panel Ray heaters, and the building of a fence. There was substantial evidence that the heaters were installed and the fence built within the time limit specified in the amended escrow instructions, and the court's finding in this particular cannot be disturbed.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.