[Civ. No. 3881.   Fourth Dist.   Jan. 16, 1950.]

ESTELLE BOLLN, Appellant, v. LEO PETROCCHI et al.,
Respondents.

Macbeth & Smith for Appellant.

Leroy P. Anderson and Donald Dungan for Respondents.

MUSSELL, J.—This is an action for ejectment. In October, 1947, plaintiff and defendants entered into a contract for the sale and purchase of a house and lot in the city of Newport Beach. Defendants agreed to pay to plaintiff the sum of $10,500 for the property, as follows: $1,500 on the signing of the escrow instructions, $1,500 to be paid into escrow on or before October 30th and the balance of $7,500 to be paid into escrow on December 8, 1947. It was understood that defendants were to obtain the final payment of $7,500 from another escrow, to be closed on December 8th. The agreement provided that plaintiff was to have the right to the sum of $2,500 from the escrow on or before October 30th and defendants were to have possession of the property on November 20th, with the exception of a garage on the premises, which plaintiff would use and occupy until December 20th. The parties signed written escrow instructions embodying the terms of the agreement, except the provision thereof relative to the occupancy of the garage. The general terms of the escrow included the following provisions:

"Time is of the essence of these instructions. If this escrow is not in condition to close by December 8, 1947, any party who then shall have fully complied with his instructions may, in writing, demand the return of his money and/or property; but if none have complied, no demand for return thereof shall be recognized until five days after the escrow holder shall have mailed copies of such demand to all other parties at their respective ad*dress*ess shown in the escrow instructions. If no such demand is made, close this escrow as soon as possible."

Defendants paid $3,000 into the escrow, $2,500 of which was thereafter withdrawn therefrom by plaintiff on October 31, 1947. The evidence discloses the fact that the defendants were unable to obtain the final payment of $7,500 on December 8, 1947, from the other escrow as contemplated. However, they did obtain the money on December 30th and caused it to be deposited in the escrow to complete the payment of the purchase price.

On December 11th, the plaintiff instructed the escrow company to withhold further action on the ground that the defendants had not fulfilled the terms of the contract, but the escrow company failed to notify the defendants of this instruction. On the same date, plaintiff requested permission from the defendants to use and retain the possession of the garage located on the real property until January 1, 1948. This request was granted and the possession of the garage

was delivered to the defendants on January 1st. On December 22d, the plaintiff made a demand on the escrow company for the return of the deed, tax receipts and fire insurance policy upon the ground that the escrow was not in a condition to be closed by December 8th and that plaintiff was, therefore, entitled to the return of her papers under the instructions. The escrow company, however, did not return the papers to plaintiff nor did it notify the defendants of the demand. On December 30th, plaintiff filed and served the complaint in this action, which was the first notice and first demand which defendants had received from anyone regarding the payment of the balance of the purchase price.

The trial court rendered judgment in favor of the plaintiff for interest at the rate of 7 per cent per annum for the period between December 8th and December 30th, 1947, and decreed that the defendants were in lawful possession of the real property described in the complaint under a valid contract of sale and were the equitable owners of the property. The court concluded that the delay of the defendants from December 8th to December 30th, 1947, in paying into escrow the $7,500 balance of the purchase price did not terminate or forfeit the rights of the defendants in the contract of sale and that the plaintiff waived the default, if any, by the defendants, by her conduct in requesting the use and occupancy of the garage until January 1, 1948, and by her conduct in retaining the possession thereof until that time. It was found that the delay by the defendants of 22 days in paying the $7,500 due on the purchase price was not due to the gross negligence, wilfulness or fraudulent breach of duty on the part of the defendants. Plaintiff appeals from the judgment principally on the ground that the court erred in relieving the defendants from their default in failing to make the final payment within the time prescribed by the agreement.

■ The defendants contend that the trial court properly relieved them from default under the provisions of section 3275 of the Civil Code, which provides:

"Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful, or fraudulent breach of duty."

This section presupposes that the party seeking relief is in default and in order to secure relief under its terms, it is

necessary for him to plead and prove facts that will justify its application. (*Barkis* v. *Scott*, 34 Cal.2d 116, 120 [208 P.2d 367].) It is our conclusion that the defendants have brought themselves within the terms of this statute, both by pleading and proof.

■ While it is true that there are many cases holding that a vendee who is in default cannot maintain an action to recover sums previously paid on a contract for the sale of real property (*Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199] ; *Rocks* v. *Hamburger*, 89 Cal.App.2d 194, 198 [200 P.2d 92] ; *Keelan* v. *Bellmont Co.*, 73 Cal.App.2d 6, 10 [165 P.2d 930]), a vendee in default who is seeking to keep the contract alive, however, is in a better position to secure relief than one who is seeking to recover back the excess of what he had paid over the amount necessary to give the vendor the benefit of his bargain after performance under the contract has terminated. As was said in the *Barkis* v. *Scott* case, *supra,* at page 122:

''[W]hen the default has not been serious and the vendee is willing and able to continue with his performance of the contract, the vendor suffers no damage by allowing the vendee to do so. In this situation, if there has been substantial part performance or if the vendee has made substantial improvements in reliance on his contract, permitting the vendor to terminate the vendee's rights under the contract and keep the installments that have been paid can result only in the harshest sort of forfeitures. Accordingly, relief will be granted whether or not time has been made of the essence.''

In *Gonzales* v. *Hirose*, 33 Cal.2d 213, 216 [200 P.2d 793], the court said:

''The test as to when a party will be relieved from a forfeiture is stated by Pomeroy, Equity Jurisprudence (5th ed.), section 433, as follows: 'Whenever a penalty or a forfeiture is used merely to secure the payment of a debt, or the performance of some act, or the enjoyment of some right or benefit, equity, considering the payment, or performance, or enjoyment to be the real thing intended by the agreement, and the penalty or forfeiture to be only an accessory, will relieve against such penalty or forfeiture by awarding compensation instead . . . The test which determines whether equity will or will not interfere in such cases is the fact whether compensation can or cannot be adequately made for a breach of the obligation which is thus secured.' ''

In the instant case, defendants made every effort to obtain the final payment on the contract and immediately upon its becoming available to them, deposited it in the escrow to complete the transaction. The first notice of the claimed forfeiture given them by the plaintiff was the copy of the summons and complaint herein. Unquestionably, there was a substantial part performance of the agreement by the defendants. In fact, there was a full performance as soon as possible under the circumstances here shown. In this connection, it should be noted that if the letter of December 22, 1947, written by plaintiff's attorneys to the escrow company in which demand was made for the return of plaintiff's papers was an attempt to rescind the contract, such attempt was not effective for the reason that appellant did not then or at any time restore or offer to restore to the defendants any part of the $2,500 which she had received out of the escrow. (Civ. Code, § 1691, subd. 2.) We are impelled to the conclusion from the facts established by the record that the defendants were entitled to relief which the court afforded them under the provisions of section 3275 of the Civil Code.

Complaint is made by the plaintiff she was not allowed full exploration of the injury to her caused by respondents' tardiness in making their last payment under the contract. We have examined the record in this respect and are unable to find any errors in the court's ruling as to the admissibility of offered testimony.

Judgment affirmed.

Griffin, Acting P. J., concurred.