■ LAWRENCE E. ARZT, Appellant, v. PENN STATE METAL FABRICATORS, INC., et al., Respondents.— Order entered August 9, 1965, granting defendants' motion for an order directing plaintiff to execute and deliver to defendants satisfaction pieces of two judgments, unanimously reversed, on the law and on the facts, without costs and without disbursements, and the motion denied. Two judgments totaling $15,232.38 were entered against defendants after trial in an accounting action. Subsequently the parties entered into a written agreement dated October 24, 1964 providing a method for the settlement of the two judgments. The agreement provides for immediate payment of $1,000 and additional monthly installments in the total sum of $1,500. In addition, the individual defendant Bert Rock is to sign and procure the signature of his wife, not a party, to various forms of the Internal Revenue Service, to enable plaintiff to obtain the benefit of a carryback adjustment for the calendar year 1963 available to the Rocks. The agreement also provides: "2. ARTZ [sic] hereby covenants, promises and agrees to furnish to ROCK and PENN STATE a satisfaction of each of the said two (2) judgments hereinabove referred to, upon full compliance by ROCK of all of the latter's several covenants, promises and agreements hereinabove set forth, and upon payment of the said promissory notes." Defendants tendered the balance of payments due and demanded delivery of satisfactions of the judgments, which was refused because the agreement of settlement was executory. The delivery of the satisfaction pieces is expressly conditioned on full compliance of the several covenants on the part of the defendant Rock. Prepayment of the notes will not result in full compliance by defendants with the provisions of the agreement since defendant Rock and his wife, not a party, will be required to sign various documents and indorse any refund checks. The obligation to procure the wife's signature is on the defendant Rock. Plaintiff should not be required to be subjected to the uncertainties of procuring the necessary consents while the carry-back application is pending. The record fails to establish the performance of prior conditions necessary to activate plaintiff's covenant to furnish satisfactions of the two judgments. (Rosenthal Paper Co. v. National Folding Box & Paper Co., 226 N. Y. 313, 319–322.) Concur — Valente, J. P., McNally, Eager and Steuer, JJ.