[Civ. No. 31470.   Second Dist., Div. Three.   July 8, 1968.]

G. CHAMBREAU, Plaintiff and Appellant, v. J. M. COUGHLAN et al., Defendants and Respondents.

Hy Schwartz for Plaintiff and Appellant.

Hyman Goldman for Defendants and Respondents.

FRAMPTON, J. pro tem.*—Appellant brought an action wherein he sought recovery of the sum of $8,025 claimed to be due and owing by respondents for legal services rendered to them by appellant's assignor, Hy Schwartz, an attorney at law.

The cause came on for trial on April 16, 1964, before Judge Ben Koenig. At this time counsel for respondents stated to the court that the action was upon an account that covered a long period of time, had a great many items, and that the respondents (defendants below) would force the appellant (plaintiff below) to prove every item of the account, and the time which would be required would be very lengthy. The trial judge strongly urged Mr. Schwartz (appellant's assignor) and his counsel to settle the matter and thereby avoid the time and expense of a lengthy trial, which the court did not wish to undertake. A stipulated judgment was thereupon entered as follows: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff G. Chambreau, recover of and from the defendants, J. M. Coughlan and Xerline Coughlan, and each of them the sum of Eight Thousand Twenty-five ($8,025.00) Dollars, together with interest from April 16, 1964, at the rate of (7%) percent per annum, together with

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

court costs taxed at One Hundred Fifty-six and 19/100 ($156.19) Dollars, provided that execution on such judgment shall be stayed as long as defendants pay to the plaintiff the sum of Five Hundred ($500) Dollars on or before April 22nd, 1964, and the sum of Two Hundred ($200.00) Dollars per month on the 22nd day of each month thereafter, commencing May 22nd, 1964, until defendants have paid to plaintiff the total sum of Five Thousand Five Hundred ($5,500.00) Dollars, without interest, together with the costs herein of One Hundred Fifty-six and 19/100 ($156.19) Dollars, at which time the plaintiff shall give defendants a full satisfaction of judgment. The defendants shall not be required to pay any interest on said total sum of Five Thousand Five Hundred ($5,500.00) Dollars, payable as ordered in installments.

"IT IS FURTHER ORDERED that if the defendants default in the payment of any of the installments aforesaid, when due, totaling Five Thousand Five Hundred ($5,500.00) Dollars, then the foregoing installments payment provisions totaling Five Thousand Five Hundred ($5,500.00) Dollars, plus costs, shall be ineffective for any purpose and the judgment for Eight Thousand Twenty-five ($8,025.00) Dollars, plus interest and costs, less payments made to the date of such default shall be effective."

Thereafter, respondents paid appellant the total sum of $5,500 plus $156.19 costs in 27 monthly installments from April 22, 1964, through June 22, 1966. The dispute here arises over the payment of the installment due on December 22, 1964, in the sum of $200. It is the claim of appellant that respondents defaulted under the terms of the judgment in not making this payment within the time prescribed, and therefore, due to such default, the amount of the judgment became $8,025, and the payment of $5,500 thereon plus costs did not, in fact, satisfy the judgment.

For convenience the appellant and his assignor will be referred to herein as the appellant.

The record discloses that the respondents forwarded to appellant their check number 700, dated December 15, 1964, in the sum of $200 in payment of the December 22, 1964, installment. Appellant deposited the check on December 19, 1964. The check was presented for payment to the Continental Bank on which it was drawn on December 22, 1964, and was returned bearing the legend "reason returned N.S.F." Respondents were first advised by appellant on or about January 7, 1965, that the check was returned unpaid, where-

upon, on same date, respondents, through their counsel, forwarded to appellant a bank cashier's check in the sum of $400 in payment of the December 22, 1964, installment and in prepayment of the January 22, 1965, installment. The letter of respondents' counsel transmitting the cashier's check of $400 erroneously stated that check number 700 was returned because the bank would not honor a check deposited in the account which had not cleared. This error was based upon an erroneous assumption of respondents, communicated to their attorney, at a time when they did not know when said check number 700 was deposited with the bank. It was not until approximately one and one-half years later that the respondents first saw a copy of their check number 700 indicating when it had been deposited. Respondents first saw the check or a copy of it, after it had left their hands, when it was attached as exhibit "A" to the declaration of Hy Schwartz dated July 26, 1966, in opposition to respondents' motion to satisfy the judgment herein. It was then that respondents compared the date of deposit of check number 700 with their bank statement. The check was never returned to respondents by the Continental Bank or the appellant. The bank endorsements on the check show that it reached respondents' bank on December 22, 1964. The bank statement discloses that on December 22, 1964, respondents had available funds on deposit in the sum of $3,097.16. On January 7, 1965, when the letter of transmittal enclosing the $400 cashier's check was forwarded to appellant, respondents erroneously believed that appellant had delayed depositing check number 700, and that said check had reached the bank on December 28, 1964, the only day when respondents had insufficient collected funds on deposit to pay the check. On December 28, 1964, respondents had arranged a transfer of $3,550 from the Bank of America, Santa Monica-Western Branch, to the Continental Bank, but such transfer was not shown as a credit on respondents' account with the latter bank until December 29, 1964.

The last installment payment on the judgment was made by respondents on June 15, 1966. On July 18, 1966, respondents filed their motion to compel satisfaction of judgment. This motion was heard on July 29, 1966, before Judge Bayard Rhone, who denied the motion without prejudice, stating that the motion could be renewed before Judge Koenig before whom the settlement judgment was made. On August 16, 1966, respondents filed a notice of motion to compel satisfaction of judgment which was heard before Judge Koenig. On

September 8, 1966, as a result of the hearing on this motion, the order to compel satisfaction of judgment was made. The minute order made relating to the granting of the motion contains the following: ''The court finds that such judgment has been paid in full.'' The appeal is from the order.

The appellant claims that the order compelling satisfaction of judgment should be set aside upon the following grounds: (1) The terms of the judgment relating to the default in making the installment payments thereunder is a condition and not a forfeiture; (2) the motion is barred by failure to make the motion within a reasonable time not to exceed six months after January 7, 1965, the date it is claimed that respondents had notice of the default, pursuant to the provisions of section 473, Code of Civil Procedure; (3) the trial court should have denied the motion for failure to comply with section 1008 of the Code of Civil Procedure; and (4) the new motion on substantially the same facts should be denied.

We are of the opinion that the terms of the judgment are such that if the respondents failed to make the installment payments thereunder at the times and in the amounts specified, they would suffer a loss in the nature of a forfeiture, and that they were entitled to be relieved therefrom upon making full compensation, unless it be shown that they were guilty of gross negligence, or a willful or fraudulent breach of duty, as provided in section 3275 of the Civil Code.[1] (See *Barkis* v. *Scott*, 34 Cal.2d 116 [208 P.2d 367]; *Bedell* v. *Barber*, 80 Cal.App.2d 806 [182 P.2d 591]; *Bolln* v. *Petrocchi*, 95 Cal. App.2d 589 [213 P.2d 513].)

Where a husband and wife entered into a property settlement agreement whereby the husband became obligated to pay her the sum of $325 per week as alimony and child support, with the provision that such sum would be increased to $500 per week upon default in the payments as specified, it was held that the trial court was justified in relieving the husband upon default where he tendered the money owing within a reasonable time (16 days after the first of three defaults), and it was shown that he was absent from the state during the

---

[1] Civil Code section 3275 reads: ''Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty.''

time that the defaults occurred. (*Walsh* v. *Walsh,* 42 Cal.App. 2d 287 [108 P.2d 765].) It has been said that "Wherever a penalty or a forfeiture is used merely to secure the payment of a debt, or the performance of some act, or the enjoyment of some right or benefit, equity, considering the payment, or performance, or enjoyment to be the real thing intended by the agreement, and the penalty or forfeiture to be only an accessory, will relieve against such penalty or forfeiture by awarding compensation instead thereof, proportionate to the damages actually resulting from the non-payment, or non-performance or non-enjoyment, according to the stipulations of the agreement. The test which determines whether equity will or will not interfere in such cases is the fact whether compensation can or cannot be adequately made for a breach of the obligation which is thus secured. If the penalty is to secure the mere payment of money, compensation can always be made, and a court of equity will relieve the debtor party upon his paying the principal and interest." (2 Pom.Eq.Jur., 5th ed., § 433.) There was sufficient evidence in the declaration in support of the motion of respondents to warrant the court in granting the relief sought. (See *Carnation Co.* v. *El Rey Cheese Co.,* 88 Cal.App.2d 857, 858 [200 P.2d 19]; *Fuller* v. *Lindenbaum,* 29 Cal.App.2d 227 [84 P.2d 155].)

There is no merit to appellant's contention that respondents were barred under the provisions of section 473 of the Code of Civil Procedure for failing to seek the relief within six months of the time of knowledge of the default. The respondents could not make their motion to compel satisfaction of judgment until all of the installments thereunder had been paid. The last installment was paid on June 15, 1966, and the motions were filed on July 18, 1966, and August 16, 1966.     It is well settled that where a judgment is satisfied in fact the judgment debtor may compel satisfaction of judgment by motion in the original action under section 675 of the Code of Civil Procedure. (See *La Fleur* v. *M. A. Burns Lbr. Co.,* 188 Cal. 321, 328 [205 P. 102]; *Schwartz* v. *California Claims Service, Ltd.,* 52 Cal.App.2d 47, 51 [125 P.2d 883].)

     Compliance with the provisions of section 1008 of the Code of Civil Procedure upon the filing by respondents of their second motion was not required in the circumstances here shown. Compliance with this section is required where

the first motion is refused.[2] Here, the respondents' first motion was denied without prejudice with permission to refile the motion to be heard by the judge before whom the stipulation for judgment was made. ▊ The term "without prejudice," in its general adaptation, means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as if no suit had ever been brought. (*Wilkins* v. *Wilkins*, 95 Cal. App.2d 611, 613 [213 P.2d 752]; *Miller* v. *Hale*, 193 Cal.App. 2d 567, 574 [14 Cal.Rptr. 472]; *Jones* v. *City of Los Angeles*, 217 Cal.App.2d 153, 157 [31 Cal.Rptr. 761].) ▊ The first motion of respondents, not having been considered on its merits, they were entitled to a hearing on the second motion without setting forth new or additional facts than those that existed at the time of the first motion as required by section 1008 of the Code of Civil Procedure made applicable only where the first motion has been refused on its merits. (See *William Wolff & Co.* v. *Canadian Pac. Ry.*, 89 Cal. 332, 338 [26 P. 825]; 34 Cal.Jur.2d, Motions, etc., § 14, pp. 517-519.)

The order is affirmed.

Cobey, Acting P. J., and Moss, J., concurred.

---

[2]Code of Civil Procedure section 1008 reads in part as follows: "When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted conditionally, or on terms, and subsequent application for the same order, upon an alleged different state of facts, shall be made, it shall be shown by affidavit what application was before made, when and to what judge, what order or decision was made thereon and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion."