[No. 7980-8-I.  Division One.  February 2, 1981.]

P. J. SHEPHERD, *Appellant,* v. CONTINENTAL BANK, ET AL, *Respondents.*

P. J. SHEPHERD, *Appellant,* v. R. F. DREITZLER, JR., ET AL, *Defendants.*

NELLIE FLEMING, *Plaintiff,* v. CONTINENTAL BANK, ET AL, *Respondents.*

*Cartano, Botzer & Chapman* and *Frank W. Birkholz,* for appellant.

*Johnson & Gallagher, Edward M. Lane,* and *Joanne Henry,* for respondents.

JAMES, C.J.—Plaintiff, P. J. Shepherd, appeals the entry of an order denying her motion to compel satisfaction of a judgment in favor of defendant, Puget Sound National Bank (PSNB). We affirm.

In October 1972, Shepherd agreed to purchase shares of stock in Bayly, Martin & Fay of Washington, Inc. Shepherd borrowed the necessary funds from Continental Bank of Burien and as a part of this transaction, she executed a demand note for $33,300 payable to Continental Bank. The

note provided for 8 percent interest until date of demand, 12 percent interest thereafter, and attorney's fees for collection on the note. PSNB acquired the note as successor in interest to Continental Bank.

Shepherd continued paying interest as due until October 1975. In March 1976, Shepherd sued Continental Bank and PSNB for damages relating to the underlying transaction and for cancellation of the note. PSNB's answer and counterclaim included a formal demand for payment. In May 1977, summary judgment was granted in favor of PSNB on the issue of Shepherd's liability on the note. In November 1977, Shepherd filed a second suit for damages against former directors of Continental Bank. This action and Shepherd's remaining claims in the prior suit were consolidated for trial.

On January 11, 1979, the parties entered into a settlement agreement. Shepherd agreed to dismiss her claims against the defendants and Continental agreed to dismiss its counterclaims against Shepherd. PSNB agreed to accept $30,000 cash in full satisfaction of its judgment against Shepherd, then worth $47,170.32 because of postjudgment accrued interest, if payment was made within 120 days. PSNB reserved its right to enforce the full judgment if payment was not made within 120 days. Both parties understood Shepherd would have to sell her house to satisfy the judgment. There seems to be no dispute that Shepherd's efforts to sell the house were timely and that the delay in making a sale was not her fault. The sale closed about 70 days after the deadline. Shepherd then paid the agreed amount and moved to compel PSNB to accept this amount in full satisfaction of the judgment. The trial judge denied the motion.

PSNB now seeks to enforce the judgment of May 1977, including accrued interest. PSNB claims a balance due which was $18,619.58 as of September 13, 1979. Shepherd contends PSNB's demand that she pay more than $30,000

plus interest from the date of settlement bears no reasonable relation to PSNB's damages and hence constitutes an unenforceable penalty.

If there is a disputed claim for a larger amount which the parties have agreed to settle for some lesser sum and the debtor agrees to pay the larger sum if the smaller amount is not paid on the agreed terms, there is an unenforceable penalty. *Chambreau v. Coughlan,* 263 Cal. App. 2d 712, 69 Cal. Rptr. 783 (1968); *Los Angeles City School Dist. v. Landier Management Co.,* 177 Cal. App. 2d 744, 2 Cal. Rptr. 662 (1960). When the stipulation is entered into, if not before, the amount of damages suffered by the creditor is "ascertainable." Thus, the provision for payment of a larger sum if the smaller is not paid is a penalty because it bears "'no reasonable relation to the losses the parties considered might be sustained.'" *Los Angeles City School Dist. v. Landier Management Co., supra* at 754, quoting *Atkinson v. Pacific Fire Extinguisher Co.,* 40 Cal. 2d 192, 253 P.2d 18 (1953). Interest is adequate compensation for any loss occasioned by the debtor's delay. *Chambreau v. Coughlan, supra.* Washington courts have rejected comparable provisions on similar grounds. *E.g., McDaniels v. Gowey,* 30 Wash. 412, 71 P. 12 (1902).

These cases, however, are distinguishable because here PSNB relies on a prior judicial determination that it was entitled to an amount totaling $47,170.32 as of the settlement date. PSNB agreed to accept $30,000 plus interest from date of settlement if paid within 120 days, but it did not agree to reduce its judgment to $30,000. The parties understood the judgment remained in effect and would be fully enforced if the payment was not timely made. The $47,170.32 represents the undisputed amount of loss which PSNB would suffer if it could not enforce the note.

PSNB bargained for payment of $30,000 in no more than 120 days after the settlement agreement. As a judgment creditor, PSNB could accept a lesser amount in satisfaction of its judgment. But its agreement to do so was executory

until fully performed by Shepherd. A judgment debtor cannot require his creditor to accept a lesser or alternative performance to that agreed upon, and if the debtor fails to perform according to the agreement, the creditor can enforce the judgment as entered. *Arzt v. Penn State Metal Fabricators, Inc.,* 24 App. Div. 2d 952, 265 N.Y.S.2d 111 (1965); *Bashor v. Northland Ins. Co.,* 29 Colo. App. 81, 480 P.2d 864 (1970), *aff'd,* 177 Colo. 463, 494 P.2d 1292 (1972); *Wright v. Federal Wrecking Co.,* 331 Ill. App. 231, 73 N.E.2d 16 (1947); *Grant v. Reeves,* 195 Okla. 414, 158 P.2d 479 (1945); *Woods v. Locke,* 49 Idaho 486, 289 P. 610 (1930). Shepherd's promise and "[p]reparations" to perform could not satisfy PSNB's conditions. *Knight v. Seattle–First Nat'l Bank,* 22 Wn. App. 493, 498, 589 P.2d 1279 (1979).

Shepherd argues that PSNB's summary judgment on the note was not a "final" judgment or order within the meaning of CR 54(b) and thus was subject to revision until entry of a final judgment. She suggests that absent a "final" judgment, there is no determination of liability sufficient to make the obligation certain and undisputed.

▪ Under CR 54(b), a partial summary judgment is not a final judgment unless expressly made so. The summary judgment in favor of PSNB does not make the express determination required of a final judgment or order. Thus, it was not a final judgment or order when entered.

CR 41(a)(1)(A), however, provides that the court shall dismiss any action when all the parties who have appeared so stipulate in writing. A stipulation "is an agreement for the final disposition of the case, directed to the court, which the court is bound to carry into effect . . ." *State ex rel. Gould v. Superior Court,* 151 Wash. 413, 418, 276 P. 98 (1929). A dismissal pursuant to agreement of the parties thus constitutes a decision "adjudicating all the claims and the rights and liabilities of all the parties" within the meaning of CR 54(b). When Shepherd and PSNB dis-

missed all their other claims, PSNB's summary judgment on the note became a "final judgment."[1]

We conclude that if a judgment creditor agrees to accept a lesser sum in full satisfaction of his judgment on condition that payment be made within a specified time and the judgment debtor fails to pay within the specified time, the judgment creditor's claim for the full amount of the judgment does not constitute an unenforceable penalty.

The trial judge's order denying the motion to compel satisfaction of judgment is affirmed.

RINGOLD and DURHAM, JJ., concur.

Reconsideration denied March 3, 1981.

Review denied by Supreme Court May 8, 1981.

---

[1]Through oversight of counsel, the parties did not obtain the order dismissing their claims until December 3, 1980. The order, entered by stipulation of counsel for both parties, dismisses the claims nunc pro tunc to February 1, 1979.