[No. 14077-9-I. Division One. April 14, 1986.]

WILLIAM AUBREY, ET AL, *Plaintiffs*, IHN DEVELOPMENT COMPANY, INC., *Respondent*, v. ANGEL ENTER- PRISES, INC., *Defendant*, INTERNATIONAL INVESTMENT AND FINANCIAL ENTER- PRISES, INC., *Appellant*.

*John W. Lundin III*, for appellant.

*Carney, Stephenson, Badley, Smith, Mueller & Spellman* and *Daniel W. Unti*, for respondent.

COLEMAN, J.—In 1981 respondent IHN Development Co., Inc., paid appellant International Investment and Financial Enterprises, Inc. (IIFE) $120,000 in exchange for a performance bond needed by IHN for a construction project. Because IIFE failed to deliver the bond, IHN lost the contract for the aforementioned project. Following the loss of the contract, IHN demanded return of the $120,000 paid to IIFE and also demanded payment of approximately $50,000 it (IHN) had allegedly expended in setup costs on the project site. IIFE refused to repay said moneys, and IHN filed suit in King County Superior Court.

Prior to commencement of trial, the parties entered a stipulated settlement agreement by which IIFE was to pay to IHN the sum of $125,000. For purposes of this appeal, the relevant portion of the agreement provided:

> In the event of a default in payment of the balance obligation owing on October 20, 1983, then the obligation herein provided for in the sum of $125,000.00 shall escalate to the sum of $140,000.00 and shall thereafter bear interest at the judgment rate as otherwise permitted by law, together with all costs and attorneys' fees otherwise incurred in collection of said obligation subject to credit for any interim payment previously paid together will [sic] all proceeds received from the sale of any security.

In making the final payment on October 25, 1983, IIFE tendered $53,000 in the form of a corporate check rather than a cashier's check as specified in the settlement agreement. Since the payment was not in proper form, IHN refused to present it for payment[1] and filed the stipulated judgment. Thereafter, IIFE deposited a cashier's check for the sum of $53,000 into the registry of the court and sought an order setting aside the judgment. Following a hearing, the trial court determined that the $53,000 should be paid and that under the terms of the settlement agreement, an additional $15,000 was due and owing for failure to make the final payment in a timely manner. This order effectively denied appellant's motion to dismiss the judgment.

Appellant contends the trial court erred in strictly enforcing the settlement agreement because such strict enforcement worked a forfeiture or assessed a penalty in contravention of recognized principles of equity. According to appellant, the court should have found that IIFE substantially complied with the settlement agreement or should have extended the grace period for the final payment. On the other hand, respondent contends that it is entitled to the full benefit of its settlement agreement.

Though stipulations and agreements of counsel are favored by the law, *Smyth Worldwide Movers v. Whitney*, 6 Wn. App. 176, 491 P.2d 1356 (1971), such agreements will be strictly enforced only if they are reasonable and do not contravene public policy. *Smyth Worldwide*, at 178. In this regard, it is well settled in Washington "that forfeitures are not favored in law and are never enforced in equity unless the right thereto is so clear as to permit of no denial." *Dill v. Zielke*, 26 Wn.2d 246, 252, 173 P.2d 977 (1946). Likewise, provisions in an agreement which constitute a "penalty" will not be enforced. *Shepherd v. Continental Bank*, 28

---

[1] The check was apparently NSF on the date issued and there is some conflict in the record as to whether the check would have been honored on an NSF basis. We need not reach this issue, however, because of our "penalty" or "liquidated damages" analysis.

Wn. App. 346, 349, 622 P.2d 1310 (1981). Though the terms "forfeiture" and "penalty" have similar legal meanings, the relevant authorities utilize a penalty analysis in addressing situations similar to the instant case. *See* 5 A. Corbin, *Contracts* § 1065, at 373 (1964); *Sybron Corp. v. Clark Hosp. Supply Corp.,* 76 Cal. App. 3d 896, 143 Cal. Rptr. 306 (1978) (citing California cases). The application of this "penalty" analysis is illustrated by two California decisions.

In *Chambreau v. Coughlan,* 263 Cal. App. 2d 712, 69 Cal. Rptr. 783 (1968), the parties stipulated to a judgment for $8,025, but agreed to stay execution provided defendant paid the lesser sum of $5,500 in regular monthly installments. On default, the larger judgment would become effective. Defendant paid the full $5,500 but was late in paying one installment. The appellate court held that the larger judgment provision was in the nature of a forfeiture provision, and the paying party was entitled to equitable relief.

Similarly, the parties in *Sybron* entered an agreed settlement for $72,000 payable in monthly installments. The agreement contained a proviso, however, which, in the event of default, allowed the party receiving payment to enter a stipulated judgment for $100,000. The agreement further provided:

> "'The parties hereto expressly agree that the obligation of Hospital to pay $100,000 to Sybron in the event of default is not a forfeiture or penalty, but a recognition of a fair sum owed to Sybron in settlement of this dispute.'"

*Sybron,* at 902 n.3. Noting that the parties' employment of particular terminology does not change the substance of their agreement, the appellate court held that the proviso was a penalty and was unenforceable because

> [w]e think the penalty at bench bears no reasonable relationship to actual damages suffered by respondent as the result of delay but to the contrary appears grossly disproportionate in amount. Certainly there is paperwork and time involved in the collection of an installment obligation. The creditor is entitled to bargain that if the installment debtor imposes upon the creditor by a con-

tinuing course of dilatory payment the creditor may accelerate and collect the entire obligation, plus a reasonable amount to compensate for delay. On the other hand, the equitable powers of the court exist to insure that the ultimate obligation imposed on the debtor is not unreasonable *in proportion* to the original obligation and the seriousness of the default. . . . At bench, enforcement of the default provisions under the 1975 agreement would result in a $28,000 penalty for delay in payment of $30,000, a penalty which bears no rational relationship to the amount of actual damages suffered by respondent. Such an agreement is unenforceable.

*Sybron,* at 903.

Though the California cases cited above were decided in the context of a statute which has no counterpart in Washington, the principles codified in that statute are recognized in Washington decisions dealing with penalties and forfeitures. For instance, the court in *Brower Co. v. Garrison,* 2 Wn. App. 424, 468 P.2d 469 (1970) held that a liquidated damage clause becomes an unenforceable penalty when

a sum [is] inserted in a contract, not as the measure of compensation for its breach, but rather as a punishment for default, or by way of security for actual damages which may be sustained by reason of nonperformance, and it involves the idea of punishment. It is the payment of a stipulated sum on breach of contract, irrespective of the damage sustained. Its essence is a payment of money stipulated as in terrorem of the offending party, while the essence of liquidated damages is a genuine convenanted [*sic*] pre–estimate of damages.

*Brower,* at 432–33 (quoting 15 Am. Jur. *Damages* § 241, at 672 (1938)).

In *Shepherd* we cited the aforementioned California authorities with approval, noting:

If there is a disputed claim for a larger amount which the parties have agreed to settle for some lesser sum and the debtor agrees to pay the larger sum if the smaller amount is not paid on the agreed terms, there is an unenforceable penalty. *Chambreau v. Coughlan,* 263 Cal. App. 2d 712, 69 Cal. Rptr. 783 (1968); *Los Angeles City*

> *School Dist. v. Landier Management Co.,* 177 Cal. App. 2d 744, 2 Cal. Rptr. 662 (1960). When the stipulation is entered into, if not before, the amount of damages suffered by the creditor is "ascertainable." Thus, the provision for payment of a larger sum if the smaller is not paid is a penalty because it bears "'no reasonable relation to the losses the parties considered might be sustained.'" *Los Angeles City School Dist. v. Landier Management Co., supra* at 754, quoting *Atkinson v. Pacific Fire Extinguisher Co.,* 40 Cal. 2d 192, 253 P.2d 18 (1953). Interest is adequate compensation for any loss occasioned by the debtor's delay. *Chambreau v. Coughlan, supra.* Washington courts have rejected comparable provisions on similar grounds. *E.g., McDaniels v. Gowey,* 30 Wash. 412, 71 P. 12 (1902).

*Shepherd,* at 349. The parties in *Shepherd* had agreed to accept, as part of a settlement, a lesser sum ($30,000) in full satisfaction of a larger outstanding judgment (worth $47,170.32). The settlement agreement provided that if the lesser sum was not paid within 120 days, the judgment creditor reserved its right to enforce the larger outstanding judgment. We held that the larger judgment sum was not a penalty because of the prior judicial determination that the larger amount was legally due and owing. There is no penalty in such a situation because the escalation bears a reasonable relation to the actual damages reflected by the larger judgment amount. However, that is not the situation here. There has been no prior determination that IHN was entitled to the sum of $140,000. Thus, the escalation provision in the settlement agreement is in the nature of a penalty because the $15,000 escalation bears no reasonable relation to any damage suffered by the respondents, and the facts indicate that the $53,000 obligation was constructively satisfied no later than 5 days after the last day of the grace period contained in the agreement.

We would not necessarily go as far as the California court and hold that such an "escalation" provision constitutes a penalty where the parties have expressly stipulated that the true amount of damage is a larger sum, but a lesser sum is being accepted in settlement of the litigation. The better—

reasoned cases suggest that a circumstance of this nature should be treated similarly to the situation in *Shepherd* where the larger sum had been judicially determined. We need not resolve this issue here, however, because the parties did not expressly agree that IHN was damaged to an extent greater than $125,000. The fact that the lawsuit may have involved a larger claim is not dispositive, as demonstrated by our quote from the *Shepherd* decision.

Therefore, we conclude that the provision in question here was in the nature of a penalty and is unenforceable. The judgment of the trial court is reversed and remanded with instructions to reduce the judgment in accordance with our holding.

SCHOLFIELD, C.J., and GROSSE, J., concur.

Review denied by Supreme Court June 3, 1986.