# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

NORTHWEST HUNTER TV, LLC, a )    No. 71668-9-I
Washington limited liability company, )

                Appellant, )

                        v. )

RIVERS WEST APPAREL, INC., a )
Washington corporation, )    UNPUBLISHED OPINION

             Respondent. )    FILED: June 30, 2014

VERELLEN, J. — A trial court has the authority to revise a partial summary judgment at any time before the entry of final judgment as to all claims and all parties, and may do so by approving a settlement that contemplates the continued existence of a limited liability company, despite a prior partial summary judgment that the company is dissolved.

A member of Northwest Hunter TV, LLC (NWH) obtained a partial summary judgment that the limited liability company be dissolved. Prior to any final judgment in that litigation, the parties agreed to and the trial court approved a settlement of all claims. There is some evidence that the settlement included NWH's continued existence.

In the lawsuit on appeal, Rivers West Apparel, Inc. (Rivers West) relied upon that partial summary judgment to argue that NWH is dissolved and therefore lacks

standing to pursue its claims against Rivers West. There is a genuine issue of material fact whether the approved settlement included NWH's continued existence rather than its dissolution.

Because there is a genuine issue of material fact, we reverse and remand to the trial court for further proceedings.

## FACTS

In 2004, Rick Young and Sundance Magnetics, Inc. formed NWH. NWH films, edits, and produces weekly television shows and videos for hunting and outdoor enthusiasts. Young owned 35 percent of NWH and Sundance Magnetics owned 65 percent. Patrick Boyer is both the president of Sundance Magnetics and the manager of NWH.

Also in 2004, NWH entered into a contract with Rivers West that required NWH to provide television advertisements from September 2004 through September 2007. Under the contract, Rivers West would pay NWH $15,000 in November 2004, $15,000 in April 2005, $30,000 in November 2005, and $30,000 in November 2006.

On January 10, 2006, Young informed Boyer that he no longer intended to perform certain video editing, video production, and hosting of the show that he had previously agreed to perform. Young also stated that he intended to resign from NWH and effectuate a dissolution of the limited liability company unless NWH agreed to his demands. The next day, NWH sued Young for alleged misconduct and other claims (the Young lawsuit). Young counterclaimed and filed a third party complaint against Boyer, his wife, and other companies owned by the Boyers.

In June 2006, NWH sued Rivers West alleging breach of the advertising contract (the Rivers West lawsuit), which is the lawsuit before us in this appeal.

Almost a year later, in May 2007, Young tendered notice to NWH of his resignation and withdrawal as a member. In his letter, Young recited that the operating agreement requires that the limited liability company must be dissolved and terminated with his resignation. He requested that winding up commence pursuant to the operating agreement.

Young filed a motion for partial summary judgment. In August 2007, the trial court granted partial summary judgment for Young, ordering that NWH is dissolved per the operating agreement and that winding up must begin "immediately."[1]

In December 2007, the trial court in the Young lawsuit entered an order setting timeline and deadlines for the sale of assets as part of the winding up of NWH. Per the order, if the assets were not sold by January 27, 2008, they would be publicly auctioned off by March 27, 2008. In February 2008, Boyer signed a bill of sale for his purchase of all of the assets of NWH, except cash and accounts receivable.

Then the parties to the Young lawsuit reached a settlement. In May 2008, Young moved to enter a stipulation and settlement agreement between Young and NWH. In July 2008, the trial court approved the stipulation and settlement agreement and entered the following dismissal with prejudice in the Young lawsuit:

> ORDERED and adjudged that all causes herein including all claims, counterclaims, and third party Complaints and all related matters and claims of whatever kind be and the same are hereby

---

[1] Clerk's Papers at 80.

dismissed with prejudice and without attorney fees, reasonable or statutory, or costs to any party.[2]

The record contains a one-page settlement agreement that includes a typewritten list of items and several handwritten interlineations. Although the exact terms of the parties' settlement agreement are not clear, in a declaration filed by Boyer in the Rivers West lawsuit, he explained that NWH bought out Young's membership interest in NWH, leaving Sundance Magnetics as the only member. Boyer also stated that the parties intended that NWH continue to conduct business after the settlement agreement, that NWH did continue to do business, and that dissolution was no longer required or demanded.

Four and one half years later, in January 2013, Rivers West moved for summary judgment against NWH in the Rivers West lawsuit. It argued that NWH was dissolved in the Young lawsuit and, as a result, had no standing to pursue its claim against Rivers West. It also argued that NWH could not perform its part of the contract with Rivers West because it had no legal authority to conduct business while winding up. NWH opposed summary judgment, arguing that it was not dissolved and could pursue the claim.

In a decision granting defendant's motion for summary judgment, the trial court explained that the partial summary judgment order in the Young lawsuit was sufficiently final to collaterally estop NWH from arguing that it was not dissolved. The trial court concluded that, as a dissolved company, NWH was required to proceed with collection activities within a reasonable time and that "seven years is not a

---

[2] Id. at 125.

reasonable time for winding up a LLC."[3] The trial court then entered an order granting summary judgment to Rivers West.

The trial court denied NWH's motion reconsideration. NWH appeals.

## DISCUSSION

NWH argues that the trial court erred when it granted Rivers West's motion for summary judgment. We agree.

We review a superior court's summary judgment order de novo.[4] Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.[5] "A material fact is one upon which the outcome of the litigation depends in whole or in part."[6]

Absent a proper CR 54(b) certification of finality, "an order which adjudicates fewer than all claims or the rights and liabilities of fewer than all parties is subject to revision at any time before entry of final judgment as to all claims and the rights and liabilities of all parties."[7] Rivers West acknowledges that a trial court can revisit a partial summary judgment if properly raised before the trial court. In addition to a motion to vacate or for reconsideration, a trial court has the flexibility to approve a

---

[3] Id. at 248.

[4] Torgerson v. One Lincoln Tower, LLC, 166 Wn.2d 510, 517, 210 P.3d 318 (2009).

[5] CR 56(c).

[6] Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

[7] Washburn v. Beatt Equip. Co., 120 Wn.2d 246, 300, 840 P.2d 860 (1992).

settlement that deals with all claims between the parties.[8] Rivers West provides no compelling authority that a trial court is precluded from approving a settlement that contemplates that a business entity is not dissolved, especially when the settlement is arrived at and approved prior to any final judgment.

Rivers West relies upon the Young lawsuit partial summary judgment that NWH was dissolved, but that order was subject to revision at any time before the entry of final judgment. Taken in the light most favorable to NWH, the settlement agreement arguably incorporated an agreement between Young and Sundance Magnetics that NWH would continue in business and not be dissolved. Boyer's declaration expressly recites that continuance of NWH was part of the settlement agreed to by the parties and approved by the trial court. Rivers West argues that Boyer's declaration is self-serving, but he was the manager of NWH and the president of Sundance Magnetics at the time the settlement was reached. If the settlement agreement allowed NWH to continue its operations, notwithstanding the prior partial summary judgment of dissolution, then the trial court's approval of the settlement necessarily revises the partial summary judgment, which would no longer be a final and binding adjudication.[9] Because a genuine issue of material fact exists

---

[8] See generally Shepherd v. Cont'l Bank, 28 Wn. App. 346, 350, 622 P.2d 1310 (1981) (a CR 41(a)(1)(A) voluntary dismissal pursuant to agreement of the parties constitutes a decision adjudicating all the claims, rights, and liabilities of all the parties).

[9] See Washburn, 120 Wn.2d at 300 ("Absent a proper certification, an order which adjudicates fewer than all claims or the rights and liabilities of fewer than all parties is subject to revision at any time before entry of final judgment as to all claims and the rights and liabilities of all parties."); Simmons v. Brier Bros. Co., 258 U.S. 82, 42 S. Ct. 196, 66 L. Ed. 475 (1922) (a court has complete power over interlocutory

as to whether the approved settlement included NWH's continued existence, summary judgment in favor of Rivers West was improper.

Rivers West argues that NWH is collaterally estopped from arguing that it was not dissolved under the partial summary judgment order because the order resulted in a final adjudication on the merits. But under Cunningham v. State, whether a partial summary judgment order is sufficiently final for purposes of collateral estoppel, even after a settlement, "turns on the circumstances of each case."[10] Here, under the facts of this case, there is a genuine issue of material fact as to whether the approved settlement included NWH's continued existence. No such issue existed in Cunningham. Because it is unresolved whether the partial summary judgment ordering dissolution was modified by the trial court's approval of the settlement, collateral estoppel does not bar NWH's argument.

Rivers West also contends that summary judgment was proper because NWH automatically dissolved under its operating agreement. But according to NWH's operating agreement, the members of NWH may elect to continue the business despite the occurrence of an event triggering dissolution. The operating agreement states that NWH "shall dissolve and wind up its affairs, upon the first to occur of the following events, *unless the Members unanimously agree to continue the business*."[11] Although there is evidence in the record that Young resigned and NWH signed a bill of sale of most of its assets, both events potentially triggering

---

orders made therein and has authority to revise them when it is "consonant with equity" to do so).

[10] 61 Wn. App. 562, 567-68, 811 P.2d 225 (1991).

[11] Clerk's Papers at 52 (emphasis added).

dissolution, Boyer's declaration states that the parties agreed to continue the business. Therefore, taking this evidence in the light most favorable to NWH, the company was not automatically dissolved under its operating agreement.

We do not rely upon NWH's argument that a dismissal with prejudice automatically renders all prior proceedings a nullity. The cases relied upon by NWH deal with dismissals without prejudice and Land Use Petition Act appeals.[12] NWH has not demonstrated that the cases it cites apply here. And NWH's "always a nullity" argument is inconsistent with Cunningham, which clearly contemplates the possibility that even after a settlement, a partial summary judgment may be sufficiently final for purposes of collateral estoppel, depending on the circumstances. Cunningham also rejected the argument now advanced by NWH that the test for determining whether a judgment is final for collateral estoppel purposes is the same as the test for determining appealability under CR 54.[13] Therefore, reversal is not warranted on either of these bases.

---

[12] See Beckman v. Wilcox, 96 Wn. App. 355, 359, 979 P.2d 890 (1999) (citing federal case law that a voluntary dismissal renders all proceedings a nullity but holding that attorney fees may be available to a party after a voluntary dismissal without prejudice depending upon the language of the statute authorizing attorney fees); Wachovia SBA Lending v. Kraft, 138 Wn. App. 854, 862, 158 P.3d 1271 (2007) (attorney fees not available under RCW 4.84.330 because voluntary dismissal without prejudice is not a "final judgment" because plaintiff free to file a new action against the defendant); Spice v. Pierce County, 149 Wn. App. 461, 467, 204 P.3d 254 (2009) (court could not address appellant's motion to vacate a voluntary dismissal of a LUPA petition because petitioners failed to refile petition within 21 days after hearing examiner's decision and voluntary dismissal resulted in prior petition becoming a nullity).

[13] Cunningham, 61 Wn. App. at 566 ("such a rigorous finality requirement does not implement the purposes of collateral estoppel: to protect prevailing parties from relitigating issues already decided in their favor, and to promote judicial economy").

If the parties agreed to settle the Young litigation on the basis that NWH would continue in existence rather than be dissolved, then the trial court had the authority to approve that settlement and allow NWH to continue in existence. A genuine issue of fact exists. We reverse the trial court and remand for proceedings consistent with this opinion.

_Verellen, J._

WE CONCUR:

_Spearman, C.J._

_Cox, J._