Ahron Azuly, Petitioner-Landlord-Respondent, 
against
Dezire Maslavi, Respondent-Tenant-Appellant, and Sharon Sayehg and Hoomos Asli Inc., Respondents-Tenants.



Appellant Dezire Maslavi appeals from an order of the Civil Court of the City of New York, New York County (Carol Ruth Feinman, J.), dated August 3, 2015, which denied her motion to vacate a money judgment entered pursuant to a so-ordered stipulation of settlement.




Per Curiam.
Order (Carol Ruth Feinman, J.), dated August 3, 2015, affirmed, without costs.
No basis exists to vacate the money judgment entered pursuant to the parties' so-ordered stipulation settling the underlying commercial holdover proceeding. We find no merit to appellant's contention that her attorney lacked authority to enter into the stipulation. "Assuming arguendo that [the attorney] lacked the real authority to do so, as a matter of law, [he was] certainly clothed with apparent authority and the [landlord] reasonably relied upon that appearance of authority" (1420 Concourse Corp. v Cruz, 175 AD2d 747, 749 [1991], citing Hallock v State of New York, 64 NY2d 224, 231 [1984]).
Civil Court also properly denied that branch of the underlying motion which, in effect, sought to have the money judgment deemed satisfied (see CPLR 5021). Although appellant asserts that the judgment was superseded or satisfied by an agreement of June 28, 2007, that executory agreement did not reference the judgment or the underlying stipulation. In any event, assuming that the subsequent agreement was to supercede the judgment, appellant failed to establish compliance with the payment conditions of the June 2007 agreement (see Arzt v Penn State Metal Fabricators, 24 AD2d 952 [1965]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: December 30, 2016