No. 11,574.

## West *v.* Wegeforth.

Decided May 3, 1926.

Action on contract. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. Compromise and Settlement—*Favored by Law.* The law favors the compromise and settlement of disputed claims, and will sustain such settlements if fairly made.

2. *Original Claim—Defense.* A party having a good defense to an original claim or cause of action, will by a compromise made in good faith, be precluded from setting up such defense in an action on the compromise agreement.

3. *Counterclaim—Estoppel.* As to all matters fairly within the terms of a compromise, a party thereto is estopped from afterwards urging matter constituting a counterclaim existing at the time of making the compromise.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. John C. Vivian, for plaintiff in error.

Mr. Cass M. Herrington, for defendant in error.

*Department One.*

Mr. Justice Adams delivered the opinion of the court.

Action on contract by Dr. Wegeforth, of California, defendant in error, plaintiff below, against West. Plaintiff recovered judgment; defendant alleges error and asks for a supersedeas. We refer to them hereafter as in the trial court.

Dr. Wegeforth rendered professional services to members of defendant's family, for which defendant agreed to pay. Later, however, defendant disputed the value of the services, the necessity for the performance of certain surgical operations, and the skill and good faith of the physician. Correspondence ensued, principally between Dr. Wegeforth and defendant's attorney, which culminated in an agreement of compromise, under the terms of which defendant agreed to pay a certain amount in installments. Defendant paid the first installment, but no more. Several months after entering into this agreement, defendant sought to retract it, raising the same or similar questions about the doctor's bill and also about the doctor's work, that had been raised before the compromise agreement was made. Defendant then requested the plaintiff physician to render another bill for a less amount, and defendant said that he "would consider it" when it came. Plaintiff refused to comply with this request, and instead, sued defendant, not in quantum meruit, but on the compromise agreement and obtained judgment.

Defendant sought by answer to interpose various defenses, and to plead a counterclaim against plaintiff, alleging such defenses as lack of care and want of skill on the part of plaintiff physician. These defenses and the counterclaim were stricken on plaintiff's motion, to which defendant excepts, saying that the court deprived him of the only defense he had.

We think defendant is mistaken about this, and that it was defendant himself, and not the court, that deprived him of such defenses, if they ever existed. He foreclosed himself. The court merely gave full effect to the compromise agreement theretofore fairly entered into between the parties, and upon which plaintiff based his cause of action. "The law favors the compromise and settlement of disputed claims and will sustain such settlements if fairly made, because it is to the interest of

the state that there should be an end to litigation." 12 C. J. p. 336, sec. 32.

Defendant did not impeach the agreement by any showing of fraud, duress, or any good defense thereto, and the presumption that he had a full understanding, and that he consulted his own interests in arranging to pay the bill on installments, is aided by the evident fact that he actually knew or had means of knowing all that was necessary to know about the situation when he agreed upon the settlement.

*Holy Cross Gold Mining and Milling Co. v. Goodwin,* 74 Colo. 532, 223 Pac. 58, is decisive of the questions here involved. It was there determined that if the defendant had a good defense to the original claim, he cannot now set it up, having in good faith made the compromise and settlement in the contract sued on. 12 C. J. 339, sec. 34. The Holy Cross Gold Mining and Milling Co. case, decided by this court, is also authority for the proposition that as to all matters fairly within the terms of the compromise, a party thereto is estopped from afterwards urging matter constituting a set-off or counterclaim existing at the time of making the compromise. We shall adhere to the principles above announced. Viewing the case from any angle, the pleadings, the defenses and cross-complaint, stricken on plaintiff's motion, the evidence, or the judgment itself, they all lead back to the same questions decided as above, rendering further comment unnecessary.

Finding no prejudicial error in the record, the supersedeas is denied and the judgment affirmed.

Mr. Chief Justice Allen and Mr. Justice Burke concur.