## No. 17,893.

### JOE PERINO *v.* J. W. JARVIS, ETC.

(312 P. [2d] 108)

Decided June 10, 1957.

Messrs. EMIGH & EMIGH, for plaintiff in error.

Messrs. PERKINS & COBB, for defendant in error.

*In Department.*

MR. JUSTICE DAY delivered the opinion of the Court.

TRIAL in this cause was to the court, and the parties appear here as in the trial court, Joe Perino, plaintiff, and J. W. Jarvis, defendant.

The action was by plaintiff to recover $1000 paid to defendant, a real estate broker, in connection with the attempted purchase of a beer business in Arizona. The agreement between the parties was oral, and it is nowhere contended that there was any provision or understanding for the retention of the $1000 as liquidated damages.

A portion of the pleadings are controlling to the issues here. Plaintiff in his complaint alleges:

"* * * Plaintiff to deliver to defendant the sum of $1000.00 and it was orally agreed between plaintiff and defendant that said sum would be held by the defendant *until the contract had been consummated* between the plaintiff and one J. F. Moore, at which time said $1000.00 would be delivered to J. F. Moore as part of the purchase price. * * *" (Emphasis supplied.)

To this allegation the defendant entered his general denial, but did not affirmatively assert any agreement

or any right in him to retain the $1000. It developed at the trial that he kept $500 and paid $500 over to Moore. Defendant did not counter claim for the $1000 or any part thereof. Moore, the principal, for whom the defendant was acting, was not a party to the action, did not appear at the trial and has never asserted any claim for breach of the contract. The trial court in its conclusions of law stated, "as to the ultimate disposition of the sum of $1000.00, the Court is without jurisdiction to determine as J. F. Moore, an indispensible party to such determination is not before the Court."

█  Plaintiff and defendant were the only witnesses who testified at the trial. A search of the record reveals without dispute that the deal between plaintiff and defendant's principal was never consummated. Defendant's principal was unable to effect a transfer of his liquor license in the state of Arizona, and plaintiff, unable to obtain the license, could not operate the business. Nowhere in his testimony did defendant Jarvis claim any agreement entitling him to retain the $1000 or any part thereof. There was no testimony by Jarvis that he had sustained any damages by reason of the failure of the deal to be consummated, or that he was entitled to any damages, liquidated or otherwise. On such record the trial court's conclusion of law that it was without jurisdiction to determine the ultimate disposition of the $1000 involved was error. In the absence of any showing by the defendant that he was entitled to the same, the $1000 belonged to the plaintiff.

The only evidence of defendant Jarvis remotely touching his contention that he was entitled to keep the $1000 is in the following excerpts of his testimony appearing in the transcript:

"Q. All right. You may state what he [plaintiff] said to you in that call. A. He said, 'Irvin, the deal doesn't look as good as it did and I'm not going through with it.' And I said, 'Well, Joe, you will lose your down payment if you don't go through with it.' Q. What did he

396

say to that? A. Well,--(pause) Q. Did you say he would lose the down payment? A. Yes. Q. What did he say? A. 'I realize that.' * * * Q. Now, Mr. Jarvis, when you accepted this $1000 I understand from your direct examination that you considered the deal closed. A. That is right. Q. Contract complete? A. That is right. * * * Q. But as far as you were concerned, he was never to get this money back if the deal didn't go through? A. That is right. Q. You play for keeps in the real estate business. You just don't give it back? Was that a real estate deal? A. It was a real estate deal, it was under the heading of real estate."

It will be noted that in the testimony quoted, the essential elements of a contract for the retention of a sum paid as liquidated damages are lacking. The elements are:

" * * * that the damages to be anticipated are uncertain in amount or difficult to be proved * * *; that the parties intended to liquidate them in advance * * *; and that the amount stated is a reasonable one, that is, not greatly disproportionate to the presumable loss or injury * * *." 25 C.J.S. 656, §102.

At most the deposit would be a mere indemnity to secure against loss from the breach of the contract. If so, the depositor is entitled to recover the full amount of the deposit if he establishes that the agreement failed of performance because of the breach of the other party or if there is mutual rescission of the contract. 25 C.J.S. 705, §116 (b). In the case at bar, the plaintiff testified that defendant's principal breached the contract by being unable to deliver a transfer of the liquor license.

In *Thach v. Durham*, 120 Colo. 253, 208 P. (2d) 1159, suit was instituted for return of a down payment on a contract for the purchase of sheep. The defendant in that case asserted his willingness and ability to perform the contract and the refusal of the plaintiff to perform and further alleged by way of counter claim damage in the amount of the down payment together

with special damages consisting of expenses incurred by reason of the plaintiff's breach of contract and other losses in excess of the amount of the down payment. In that case the court announced the rule:

"The right to retain the down payment exists as a compensation for damages and not in addition to damages which may be proved, as urged by plaintiff in error. Except in case where the down payment constitutes agreed and liquidated damages, upon *proof* that the *actual damages* are in excess of the amount of the down payment, the amount of such excess may be recovered, but only such excess, and where the *damage suffered* is less than the amount of the down payment, only the down payment may be recovered." (Emphasis supplied.)

In the case at bar the defendant did not allege or establish by evidence at the trial a willingness or ability, either on the part of himself or his principal, to perform the alleged contract. What is even more significant he did not allege or prove any damages at all. As to whether the down payment would be in excess of or less than any actual damages suffered by defendant, may only be conjectured in view of his failure to assert or prove any right to the down payment or any part thereof.

The judgment is reversed and the cause remanded to the trial court with directions to enter judgment in favor of the plaintiff in the amount of $1000, plus interest at the rate of 6% from July 5, 1949, until date of payment.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE SUTTON concur.