No. 21551

JOHN S. GROOMS, JR. *v.* L. WILSON RICE, T. H. RUTH, and F. A. WILDER.

(429 P.2d 298)

Decided July 3, 1967.

C. H. ANDERSON, DAVID M. BRYANS, for plaintiff in error.

RALPH B. HARDEN, for defendant in error L. Wilson Rice.

LYNN A. HAMMOND, DALE K. LEWIS, for defendant in error F. A. Wilder.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error will be referred to as Grooms or the

plaintiff, and defendants in error will be mentioned by name or as the defendants as the occasion may require.

L. Wilson Rice executed a promissory note on May 24, 1960, payable to the order of T. H. Ruth and F. A. Wilder, in two installments of $5,000 each. On July 5, 1960, before any payment was due on the above mentioned note, Grooms loaned the sum of $25,000 to Investment Bankers, Inc. which loan was evidenced by a written contract between him and the corporation. Repayment of the amount of the loan by Investment Bankers, Inc. to Grooms was guaranteed by F. A. Wilder and T. H. Ruth, and as additional security to guarantee the repayment they endorsed the above mentioned Rice note and delivered it to Grooms as collateral security for the repayment of the $25,000 loaned by him. In addition thereto Ruth and Wilder executed their own note payable to Grooms, in the amount of $15,000, which was secured by a second deed of trust on lands in Weld county. This note was additional collateral security for fulfillment of the guaranty of Ruth and Wilder. The indebtedness due Grooms from Investment Bankers, Inc. was to be repaid in the sum of $10,950 the first year after date, an equal sum the second year, and the balance the third year.

We here stress the fact that in this action the defendant Rice is not in any manner involved in the dealings between Investment Bankers, Inc. and the other two defendants. He is named a defendant as the maker of the note, the plaintiff asserting rights as an alleged holder in due course. Rice denies that Grooms is a holder in due course and alleged payment of $5,000 on the note to the payees as to the balance, a tender of performance which would be a satisfaction in full of the note in the hands of any person who was not a holder in due course.

We further stress the fact that Investment Bankers, Inc. is not a party to the action, and that the complaint is not one for the enforcement of any of the penalties

or provisions contained in the contract between the plaintiff and the company. The complaint is against the maker of the $10,000 note, namely Rice, and Ruth and Wilder are made defendants as endorsers of that note. Ruth was never served with process and did not appear. Rice and Wilder appeared in the action and defended.

The contract between Investment Bankers, Inc. and Grooms involved a plan under which the company was to issue insurance policies through coin operated vending machines, and Grooms was to receive one cent on each policy issued through these machines. The contract also contained a "liquidated damages" provision with reference to which the trial court found:

"That the so-called 'liquidated damages' provided for in the contract were actually a penalty for the non-payment of an installment of money due."

This finding is amply supported by the record.

It is undisputed that the plaintiff received the payment of $10,950 which was due under the contract for the first year of its duration, and that the second payment was not made, whereupon Grooms elected to terminate the contract and declared a "forfeiture" of the $10,950 payment which he seeks to retain as "liquidated damages." He additionally brought foreclosure proceedings upon the Weld county land covered by the deed of trust securing the collateral note executed by Ruth and Wilder. At the foreclosure sale Grooms bid the property in for the sum of $23,974.99 plus $4,275 as interest and attorneys fees, and thus acquired a certificate of purchase to that land, and necessarily reduced the amount payable to him on the $25,000 loan by that amount.

██ The findings of the trial court with relation to the foregoing are as follows:

"That the only obligation under the contract, Exhibit B, was the repayment of the $25,000.00 and the contingent liability to pay one cent per policy issued from vending machines.

"That Plaintiff has received under the contract more

than the $25,000.00 principal, plus interest from date of default to the date of payment.

"That Plaintiff has failed to show that he has suffered any damages from the non-payment of $25,000.00 under the contract or any damages from failure of Investment Bankers, Inc., to pay on policies issued and in fact failed to prove any policies were sold so as to entitle him to any actual damages.

"That the principal obligation under the contract, Exhibit B, as disclosed by the contract and the evidence offered by the Plaintiff, has been paid in full by the payment of $10,950.00 and the foreclosure by the Plaintiff of the $15,000.00 note which was also collateral under the contract, Exhibit B."

The trial court adjudged that:

"In an action against the maker and against the endorser of a promissory note received by the holder as collateral security, the maker and endorser are entitled to interpose a defense good against the payee where the principal obligation for which the holder received the note as collateral has been paid. Once the principal obligation under a contract has been paid, the holder of a collateral note securing the principal obligation is no longer a holder in due course, nor is he entitled to recover from the collateral security."

No citation of authority is necessary to buttress a principle so fundamental as that expressed in the above quoted holding of the trial court.

The crux of this case arises from the contention of Grooms that he is entitled to keep the initial payment of $10,950 as "liquidated damages," and that Wilder is not entitled to a credit of that amount as payment on the $25,000 indebtedness which he guaranteed would be repaid to Grooms. In denying the validity of this contention the trial court held:

"The language used by the parties is not controlling, and though a sum is designated as 'liquidated damages', it may be construed as a penalty.

"In the case of a contract for the payment of money, a stipulation to pay a fixed sum greatly in excess of the interest accruing during the period of non-payment in the default of performance will be regarded as an agreement for a penalty, and not as a covenant for liquidated damages, and is therefore unenforcible [sic].

"One of the essential elements to the enforcement of a contract for retention of a sum paid as liquidated damages is that the damages to be anticipated are uncertain in amount or difficult to be proved. The damages for failure to make a payment of money are neither uncertain nor difficult to prove, such damages being the interest rate specified in the contract, or, if none is specified, the legal rate of interest during the term of default.

"Forfeitures are not favored and Courts should be liberal in construing the transaction in favor of avoiding a forfeiture."

Judgment was entered in favor of the defendants on the plaintiff's complaint. The counterclaim of Rice was disallowed and in thus terminating the controversy the trial court committed no error.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE HODGES concur.