No. 22357.

JOHN C. GREATHOUSE, JAMES F. MALONE AND TWO-JAYS, LTD., A COLORADO CORPORATION *v.* JASPER D. JONES AND PINNIE M. JONES.

(447 P.2d 985)

Decided December 9, 1968.

RICHESON and WILLIAMSON, DAVID B. RICHESON, for plaintiffs in error.

FRANCIS R. SALAZAR, CARL L. HARTHUN, ROBERT M. JENKINS, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS is the second time this action has been before this court. In the first case, *Greathouse v. Jones*, 158 Colo. 516, 408 P.2d 439, we remanded the cause with directions to the trial court to enter findings of fact and conclusions of law such as would comply with R.C.P. Colo. 52(a). Facts necessary for an understanding of the nature of the action are set forth in the other case.

No new trial was ordered and none was held, and on the basis of the record then before the trial court additional findings were made and judgment entered in favor of the defendants Jasper D. Jones and Pinnie M. Jones, and the complaint of the plaintiffs Greathouse, Malone and Two-Jays, Ltd. was dismissed.

The sole question presented to us is whether the record supports the judgment of the trial court. We find that it does.

In cases of fraud the essentials thereof are elementary and all must be established. *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458 and 71 P.2d 154. The evidence of fraud must be clear, precise and indubitable, and if it is insufficient it is the duty of the court to grant a non-suit. *Wallick v. Eaton*, 110 Colo. 358, 134 P.2d 727.

In the case at bar there was insufficient evidence to establish one of the elements of fraud, namely, reliance upon the representations of the defendants. Plaintiffs' evidence was such as to establish a strong inference that there was little or no reliance upon the representations of the defendants. Both the plaintiffs Greathouse and Malone made personal investigation of the business sought to be purchased by observing the volume of patrons on various business days and by checking purchases of liquor which they frankly admitted "were quite substantial." In addition to their own personal investigation they obtained the advice of others. We believe the language in *Nelson v. Van Schaack & Company*, 87 Colo. 199, 286 P. 865, is apropos of plaintiffs' conduct:

"* * * He admitted that before trading he had examined the terrace for himself; also that he had conferred with another Denver realtor as to the desirability of the proposition, and talked about it with different friends. What they did or did not tell him is of little consequence here. It is the fact that he consulted with them and made a personal examination that removes the credence that otherwise might be given to his allegation of reliance on defendant's representations. * * *"

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE PRINGLE and MR. JUSTICE MCWILLIAMS concur.