490 P.2d 304 (1971)
Daniel B. NICCOLI, Plaintiff-Appellee,
v.
DENVER BURGLAR ALARM, INC., a Colorado Corporation, Defendant-Appellant.
No. 71-341.
Colorado Court of Appeals, Div. I.
November 2, 1971.
*305 No appearance for plaintiff-appellee.
Roger E. Stevens, Boulder, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
This is an appeal by the Denver Burglar Alarm Company, defendant below, from a judgment for fifty dollars entered in favor of the plaintiff. Plaintiff has chosen not to make an appearance on appeal.
The facts are these. The defendant contracted to install a burglar alarm system in plaintiff's place of business. The contract provided that in case the alarm went off, the defendant would immediately dispatch one of its agents to plaintiff's business. The contract further provided:
"* * * the Contractor's liability hereunder shall be limited to a fixed sum of fifty dollars or ten percent of the annual service charge whichever is greater, as liquidated damages, and not as a penalty, and this liability shall be exclusive."
Plaintiff's business was burglarized and the defendant failed to dispatch an agent to plaintiff's place of business as agreed upon. Plaintiff thereupon sued the defendant both in tort and in contract for damages sustained as a result of the burglary. The defendant generally denied all liability and counterclaimed for $180, this being the amount plaintiff owed on the contract.
Trial was to the court, which found in defendant's favor on its counterclaim. Insofar as plaintiff was concerned, the court dismissed the cause of action based on negligence, but found in plaintiff's favor on the contract theory since the defendant did fail to abide by its agreement to send an agent to plaintiff's business when the alarm went off. Governed by the liquidated damages provision of the contract, the court found in plaintiff's favor in the amount of fifty dollars.
The error asserted by the defendant is that it is not liable for any damages sustained by plaintiff, either in tort or in contract, because it is not responsible for the losses suffered by the plaintiff.
*306 We disagree with this assertion. There can be no doubt but that the defendant breached its contract with the plaintiff when it failed to dispatch an agent to plaintiff's place of business. Ordinarily, when a breach of contract occurs the party causing the breach is liable to the other party concerned for the damages resulting from the breach. In certain cases where the contract itself sets forth an amount as damages to be recovered in case of a breach, this figure is used in allowing recovery, unless the figure is deemed to be a penalty.
The essential elements necessary for valid and enforceable liquidated damages clause are: (1) the anticipated damages in case of a breach must be difficult to ascertain, (2) the parties must mutually intend to liquidate them in advance, and (3) the amount stated as liquidated damages must be reasonable and proportionate to the presumed injury occurring as a result of any breach. Perino v. Jarvis, 135 Colo. 393, 312 P.2d 108. The intent of the parties is the determining factor in whether or not a sum named in the contract shall be regarded as liquidated damages rather than a penalty. Such an intent must be found from the wording used, as well as from the attendant facts and circumstances surrounding the particular case. Moore v. Kline, 26 Colo.App. 334, 143 P. 262.
The facts here leave little doubt but that this contractual provision was intended to operate as a liquidated damages clause rather than a penalty. The facts meet the requirements set forth in Perino, supra, since is was extremely difficult to anticipate precisely any potential damages occurring as result of defendant's breach.
Insofar as the intention of the parties is concerned, we take note of the fact that this was a printed contract supplied by the defendant, and we therefore consider any provisions in the contract strictly in favor of the plaintiff and against the defendant who prepared the instrument. Christmas v. Cooley, 158 Colo. 297, 406 P.2d 333. Inasmuch as the defendant prepared the instrument setting fifty dollars for damages in case it failed to perform and then specifically stated that this figure was not to be construed as a penalty but rather as liquidated damages, we hold the defendant must abide by the terms it chose to use and that this figure is a liquidated damages clause and not a penalty.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.