528 P.2d 944 (1974)
Don A. OLDIS and Dine-Out, Inc., a Colorado Corporation d/b/a the Gladiator and Forum, Plaintiffs-Appellees,
v.
N. W. GROSSE-RHODE and June E. Mays, Defendants-Appellants.
No. 73-410.
Colorado Court of Appeals, Div. I.
November 26, 1974.
*945 Mellman, Mellman & Thorn, P. C., Bernard H. Thorn, Denver, for plaintiffs-appellees.
Zarlengo & Kirshbaum, Howard M. Kirshbaum, Denver, for defendants-appellants.
Selected for Official Publication.
SMITH, Judge.
This is an action for declaratory judgment brought by the plaintiff corporation, Dine-Out, Inc., and its sole stockholder, Don A. Oldis, against the defendants, N. W. Grosse-Rhode and June E. Mays, to determine their respective rights and obligations under a contract for the sale and purchase of the Gladiator-Forum Restaurant, the sole corporate asset of Dine-Out, Inc.
The plaintiffs contend that defendants breached their contract, lost their right to purchase the outstanding stock in plaintiff corporation, and forfeited all their payments made under the contract. The defendants contend that plaintiffs are estopped by their own conduct to assert the validity of the contract and that the contract is null and void. Defendants also contend that they are entitled to have any payments made under the contract refunded. They counterclaimed for damages due to breach of contract, if the contract is valid, and for damages for fraud and misrepresentation in the inducement of the contract.
Trial was to the court which determined that plaintiff Don A. Oldis is the sole and absolute owner of all the stock in plaintiff corporation, that the exclusive control and management of the Gladiator-Forum Restaurant is vested in the plaintiff, Dine-Out, Inc., that defendants have forfeited any and all rights, title, and interest in the plaintiff corporation, Dine-Out, Inc., and that the forfeiture provisions in the contract entitle plaintiffs to retain all payments made by defendants. We affirm in part and reverse in part.
The primary issues upon appeal are: (1) Whether the defendants breached the essential terms of a valid and enforceable contract; and (2) whether the trial court properly enforced the forfeiture provision in the contract.
Defendant Mays, her husband Ron Mays, defendant Grosse-Rhode, and plaintiff Oldis met on several occasions, discussed the purchase and sale of Dine-Out, Inc., and negotiated a contract. The contract was prepared by the plaintiff corporation's attorney and was signed by all parties on October 3, 1970. The liquor licensing authority refused to approve the change in corporate officers and control of the business because the contract disclosed that Oldis did not own all of the stock in the corporation, although he had agreed to acquire it. However, pursuant to provisions of the contract Oldis acquired all of the outstanding stock, thereby eliminating any objections to approval of the liquor license. A new contract which deleted the *946 provisions relative to Oldis's acquisition of stock and which provided for some other minor changes, was subsequently prepared. This substituted contract was signed by all the parties on October 8, 1970.
Defendants first assert that the contract is void because there was no meeting of the minds upon the essential terms of the contract. This was a question of fact to be determined by the court from all of the evidence. Marti-Matter Co. v. Thomas, 70 Colo. 478, 202 P. 703; see American Mining Co. v. Himrod-Kimball Mines Company, et al., 124 Colo. 186, 235 P.2d 804. In the instant case, the finding and conclusion of the trial court that a valid and binding contract had been entered into was supported by ample evidence in the record. Therefore, that finding will not be disturbed upon review. Briano v. Rubio, 141 Colo. 264, 347 P.2d 497.
Defendants also assert that the modified contract lacked sufficient mutuality and consideration. The original contract for the purchase and sale of Dine-Out, Inc. stock contained mutual promises, a promise to sell and a promise to buy on specific agreed terms. Each promise is sufficient consideration for the other. United Press International v. Sentinel Publishing Co., 166 Colo. 47, 441 P.2d 316. There was also consideration for the modification in that it removed an obstacle to the transfer of the liquor license and was to the mutual benefit of all the parties.
Defendants also allege that they were induced to sign the contract by the fraudulent representations of plaintiff Oldis. However, Grosse-Rhode testified that Ron Mays, who was in the restaurant business and who was familiar with the operation of the Gladiator-Forum Restaurant, advised him of the opportunity to purchase the restaurant and together they inspected the premises. He also testified that he was to be bound by the terms of the contract. Mrs. Mays signed the agreement on the representations made to her by Grosse-Rhode. The trial court concluded that defendants decided to purchase the restaurant based upon their own investigation, and based upon the advice and recommendation of Ron Mays. Because the record supports this conclusion that both defendants personally investigated the business and had the benefit of expert advice, there was insufficient evidence to establish one of the essential elements of fraud, namely, reliance by defendants upon representations of Oldis. See Greathouse v. Jones, 167 Colo. 406, 447 P.2d 985; Cherrington v. Woods, 132 Colo. 500, 290 P.2d 226.
The last assertion of the defendants that they did not breach the contract is totally without merit. The evidence supports the trial court's findings that defendants violated the terms of the contract by failing to tender monthly payments, to make quarterly reports, and that they violated both liquor and sanitation laws. Defendant Grosse-Rhode admitted in his testimony that he violated the terms of the contract and that at the time of the violations, he was well aware of the provisions of the contract. Thus, we affirm the trial court's conclusion that a valid and enforceable contract was entered into between the parties, and that defendants breached its essential terms.
The defendants question the trial court's interpretation of a clause in the contract which states, in pertinent part:
"In the event of any default in any of the payments hereby required, or any breach of any of the covenants herein contained, prior to completion of payments and delivery of stock certificates to Buyers or their heirs or assigns, Seller may retain all payments made by Buyers as his own property as liquidated damages, and Buyers' rights hereunder shall be terminated. . . ."
The defendants assert, in essence, that this provision constitutes a penalty and that the trial court's conclusion that the forfeiture provisions of the agreement entitle the plaintiffs to the relief provided therein was in error. We agree.
*947 While we note that this is a declaratory judgment action in which no damages were prayed for, the trial court's judgment gives this forfeiture provision effect as a liquidated damages clause. As such, it must fulfill the requirements of a valid liquidated damages clause before it can be enforced.
The essential elements necessary for a valid and enforceable liquidated damage clause are: (1) The anticipated damages in case of breach must be difficult to ascertain; (2) the parties must mutually intend to liquidate them in advance; and (3) the amount stated as liquidated damages must be reasonable and proportionate to the presumed injury. Perino v. Jarvis, 135 Colo. 393, 312 P.2d 108. In the instant case, damages for breach of a contract to sell a business are difficult to ascertain and the provision itself is evidence of the parties' intention to liquidate damages in advance.
However, the provision under consideration here provides that all payments made by the buyer, regardless of whether they constitute one percent or ninety-nine percent of the total purchase price, must be forfeited by the buyer in the event of any default of payment or breach of any of the covenants. In the instant case, the effect of this provision would be to appropriate approximately one-third of the total purchase price of $75,000 as liquidated damages. While we concur with the trial court's conclusion that plaintiff Oldis is entitled to retain the entire ownership of the corporation, we hold that the liquidated damages provision demonstrates, by its own terms, that its enforcement under many circumstances may result in an unconscionable forfeiture. Therefore, the liquidated damages provision is void and unenforceable. Grooms v. Rice, 163 Colo. 234, 429 P.2d 298.
The fact that a liquidated damages provision is not enforceable does not, however, preclude the party for whose benefit the clause was written from recovery of his actual damages for breach of the contract. Moore v. Kline, 26 Colo.App. 334, 143 P. 262. In the instant case, the trial court has been asked to declare the rights of the parties to the fund of payments which, prior to the breach, have been paid under the contract. This determination, if justice is to be accomplished, must necessarily include a determination of what portion of the payments made by defendant should be returned to him upon our declaration that the liquidated damages provision is void. Even though this action is essentially one in declaratory judgment, a determination of plaintiffs' actual damages resulting from defendants' breach is required before the trial court can order the return of any portion of defendants' payments.
The judgment is therefore affirmed as to all issues except liquidated damages, the ruling on which is reversed and the cause is remanded for further proceedings not inconsistent herewith.
COYTE and VanCISE. JJ., concur.