Hamidreza TAJALLI, Plaintiff–Appellee
and Cross–Appellant,

v.

Albrick GHARIBI and Harmik Gharibi,
Defendants–Appellants and
Cross–Appellees.

No. 86CA0715.

Colorado Court of Appeals,
Div. II.

June 2, 1988.

Allen W. Stokes, Denver, for plaintiff-appellee and cross-appellant.

Kenneth R. Lampton, Jr., P.C., Kenneth R. Lampton, Jr., Denver, for defendants-appellants and cross-appellees.

NEY, Judge.

Debtors, Albrick and Hamrick Gharibi, appeal the trial court's judgment of a deficiency on a promissory note to creditor, Hamidreza Tajalli, and dismissal of their counterclaims. Creditor cross-appeals the award of only 8 percent interest on his judgment and the award of only $1000 in attorney fees. We affirm in part and reverse in part and remand to the trial court.

The debtors bought a fast food business from the creditor and signed a promissory note, secured by equipment, for a portion of the purchase price. The debtors subsequently defaulted in their payments on the note. When the landlord threatened to close the restaurant and seize the equipment, the debtors arranged for the creditor to pick up the collateral before the landlord could seize it. The creditor sold some of the equipment, without giving notice to the debtors, and retained the unsold collateral. The creditor applied the proceeds obtained at the sale to the note, and sought a deficiency judgment for the balance. The debtors counterclaimed for breach of the purchase contract based upon misrepresentation and breach of warranty.

## I. REPOSSESSION

The debtors contend that the trial court erred in ruling that there was no repossession of the collateral and that the Uniform Commercial Code did not apply. We agree.

■ Voluntary delivery of collateral to the creditor, where there is a default, constitutes a repossession and does not remove the matter from the U.C.C. *See Gaptor v. Kocjancic*, 703 P.2d 660 (Colo.App.1985); *Greeley National Bank v. Sloan*, 677 P.2d 409 (Colo.App.1983).

## II. DEFICIENCY JUDGMENT

The trial court calculated the deficiency judgment by subtracting the sales proceeds received by the creditor from the balance owed on the note without giving debtors any credit for the collateral which was retained by creditor. The debtors contend that this method of calculation was in error. We agree.

The creditor failed to notify the debtors pursuant to § 4-9-504(3), C.R.S. (1987 Cum.Supp.) prior to the sale of some of the collateral. Since there was no notice prior to the sale of this collateral, it is rebuttably presumed that the value of the collateral sold was equal to the balance owing on the promissory note. *United Bank of Denver v. Reed*, 635 P.2d 922 (Colo.App.1981). Where the sale is made without notice to the debtor, the amount received at the sale is not evidence of the market value, and the creditor seeking a deficiency judgment must prove value by other evidence. *First National Bank of Denver v. Cillessen*, 622 P.2d 598 (Colo.App.1980).

■ Here, the creditor presented evidence of the value of the collateral which was sold through the testimony of an expert. In addition, the trial court erroneously admitted evidence of the price received by the creditor at the sale. However, the sales price obtained by the creditor was higher than the valuation testified to by the expert; thus, the debtors were not prejudiced by the sales price evidence.

■ The trial court also erroneously failed to credit debtors with the value of the collateral which was retained and not sold by the creditor. The retention of collateral by a creditor for an excessive period of time without disposition may be commercially unreasonable, in violation of § 4-9-504 C.R.S. (1987 Cum.Supp.). Whether the secured party has acted reasonably in holding the collateral is a question of fact for the trial court. *Alamosa National Bank v. San Luis Valley Grain Growers, Inc.*, 756 P.2d 1022 (Colo.App. 1988).

Here, the trial court made no finding as to whether the creditor's retention of the collateral was commercially reasonable. Therefore, the case must be remanded to the trial court to make this determination. If the trial court finds that the creditor's holding of the collateral was unreasonable, a presumption arises that the value of the collateral retained equals the amount of debt owing. Unless this presumption is rebutted, the obligation of the debtors will

**192**

be deemed satisfied. *Alamosa National Bank v. San Luis Valley Grain Growers, Inc., supra.*

Thus, the case must be remanded to the trial court for a determination of whether the creditor acted in a commercially reasonable manner and whether the creditor overcame the presumption that the value of the retained collateral equals the amount remaining on the note. In any event, debtors are entitled to credit for the reasonable value of the retained collateral or the amount of the proceeds from a proper sale.

## III. THE COUNTERCLAIMS

The debtors contend that the trial court erroneously dismissed their counterclaims of misrepresentation and breach of warranty. We agree.

The trial court based its dismissal of the counterclaims on facts not relevant to the counterclaims and made no findings of fact which are relevant to those issues. The record indicates that conflicting evidence was presented on the counterclaims. On remand, the trial court must reconsider the counterclaims and make appropriate findings.

## IV. INTEREST AND ATTORNEY FEES

The creditor contends that the trial court erred in awarding only 8 percent interest. We agree. The promissory note provided for 10 percent interest after notice of acceleration. Nothing in the record supports the award of a different rate of interest. See *Capek v. Monahan,* 117 Colo. 131, 184 P.2d 501 (1974). Upon remand, if the trial court determines that the creditor remains entitled to a deficiency judgment, interest shall be calculated at 10 percent.

The creditor also contends that the trial court erred in awarding only $1000 in attorney fees. We disagree. The reasonableness of attorney fees is a question of fact and will not be disturbed on review unless it is patently erroneous and unsupported by the evidence. *Hartman v.*

*Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979). We find no error in the award here. However, because the attorney fees award is derived from the provisions of the promissory note, the award is only affirmed in the event that the trial court finds the creditor is entitled to a deficiency judgment.

The cause is remanded for further proceedings consistent with the views expressed herein.

SMITH and VAN CISE, JJ., concur.