John H. YERTON, Dorothy M. Yerton, and Dennis Yerton, Defendants–Appellants,

v.

Frank BOWDEN and Jo Ellen Bowden, Defendants–Appellees.

No. 86CA1504.

Colorado Court of Appeals, Div. III.

Sept. 22, 1988.

Ted L. Sansom Pagosa Springs, for defendants-appellants.

Jeffry R. Baker, Durango, for defendants-appellees.

TURSI, Judge.

John H., Dorothy M., and Dennis Yerton (the Yertons) appeal the trial court's judgment awarding title to property to Frank and Jo Ellen Bowden (the Bowdens). We reverse.

The Yertons owned an undeveloped subdivision and the Bowdens purchased Lot 51. The Bowdens became dissatisfied with the progress in construction of roads and utilities by the Yertons and considered filing an action seeking rescission of the purchase contract.

Upon discussion of this possibility with the Yertons, the parties entered into an agreement to avoid the rescission litigation. The Yertons promised to complete the roads and utilities by September 15, 1984. Title to Lot 49 of the subdivision was placed in the hands of the Bowdens' attorney as security for the Yertons' promise. In the event they did not specifically perform their promise, title to Lot 49 was to vest in the Bowdens.

After the time for performance, the Bowdens and the Yertons disagreed about whether the Yertons had performed their obligation. An interpleader action was filed requesting the trial court to determine who was entitled to the deed to Lot 49, and trial was held to the court. It determined that none of the promises made by John H. and Dorothy M. Yerton, as set out in the agreement to avoid recission, were fulfilled by them on the agreed date of September 15, 1984. In its order denying a new trial, the trial court further determined that the agreement contained no provision relating to either liquidated damages or the enforcement of a penalty. It awarded title to Lot 49 to the Bowdens.

The Yertons assert their agreement with the Bowdens contained a liquidated damages provision that was in reality a penalty and, therefore, unenforceable. We agree that the agreement contained a liquidated damages provision.

The Bowdens maintain that implicit in the trial court's ruling is its determination that the contract called for alternative performances by the Yertons rather than liquidated damages and that, upon its conclusion that the first alternative performance was not rendered, it specifically enforced the second alternative performance.

The intent of the parties to a written instrument must be determined primarily from the written terms, and it is only if such terms are ambiguous that the trial court may look beyond the four corners of the agreement in order to determine the meaning intended by the parties. *KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985).

Whether an ambiguity exists is a matter of law for the courts to determine, *KN Energy, Inc. v. Great Western Sugar Co.*, *supra,* and a trial court's interpretation of an unambiguous written contract is not binding on review. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984); *Gilpin Investment Co. v. Blake*, 712 P.2d 1051 (Colo.App.1985).

■ Here, the agreement provided:

"2. As security for the performance of these promises by the Yertons, John H. and Dorothy M. and Dennis Yerton hereby place in the hands of Kenneth A. Senn, attorney for the Bowdens, title to Lot 49, Piedra Estates, Archuleta County, as security for performance of the above designated promises.

"3. In the event that the promises mentioned above have not been specifically performed by September 15, 1984 by the Yertons, title to Lot 49, Piedra Estates shall vest in Frank and Jo Bowden as *liquidated damages.* The Yertons agree to convey Lot 49, Piedra Estates by General Warranty Deed to the Bowdens on September 16, 1984." (emphasis supplied)

We conclude this contract is not ambiguous. Since the contract specifically states that in the event of *non-performance* by the Yertons, title vests in the Bowdens as *liquidated damages,* we conclude, contrary to the trial court, that the contract does contain a liquidated damages provision and

does not provide merely for alternative performances.

■ Unless the contract on its face reveals that the stipulated liquidated damages are so disproportionate to any possible loss as to constitute a penalty, the determination of whether the specified damages constitute a penalty is a question of fact. *Rohauer v. Little,* 736 P.2d 403 (Colo.1987). Here, the contract itself does not reveal whether the provision is in fact a penalty; therefore, we must remand this action to the trial court to make the necessary factual determination.

■ As guidance for the trial court in making that determination, we note that the essential elements necessary for a valid and enforceable liquidated damages provision are: (1) the anticipated damages in case of breach must be difficult to ascertain; (2) the parties must mutually intend to liquidate them in advance; and (3) the amount stated as liquidated damages must be reasonable and proportionate to the presumed injury. *Perino v. Jarvis,* 135 Colo. 393, 312 P.2d 108 (1957); *Oldis v. Grosse-Rhode,* 35 Colo.App. 46, 528 P.2d 944 (1974). Also, if the contract stipulates a single liquidated damage for several possible breaches, the damage provision is invalid as a penalty if it is unreasonably disproportionate to the expected loss on the very breach that did occur and was sued upon, regardless of whether it would have been reasonable for some other breach that did not in fact come into issue. D. Dobbs, *Remedies* § 12.5 (1973).

■ If damages stipulated by the parties constitute a penalty, they are not enforceable. *H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.,* 665 P.2d 635 (Colo. App.1983). However, the fact that a liquidated damages provision is not enforceable does not preclude recovery of actual damages by the non-breaching party. *Oldis v. Grosse-Rhode, supra.*

Here, the contract required several separate performances by Yertons, and we note that there was considerable evidence in the record regarding whether the Yertons performed all or most of the required promises. The trial court is directed to consider the contract in light of all the attendant circumstances and determine whether the contract provides for liquidated damages or a penalty. Should the trial court determine the provision is unenforceable as a penalty, it is further directed to determine the Bowdens' actual damages for breach of contract.

Our determination of this issue makes it unnecessary for us to consider the Yertons' other contention.

The judgment is reversed and cause is remanded to the trial court for further proceedings as directed herein.

CRISWELL and JONES, JJ., concur.