**RESOLUTION TRUST CORPORATION, as Receiver for Western Gulf Savings & Loan Association, a Texas corporation, Plaintiff–Appellee,**

v.

**AVON CENTER HOLDINGS, INC., a Colorado corporation, and Nicolas Marsch, III, Defendants–Appellants.**

No. 91CA1208.

Colorado Court of Appeals, Div. IV.

April 9, 1992.

Rehearing Denied May 7, 1992.

Hopper and Kanouff, P.C., James R. Miller, Paul R. Wood, Denver, for plaintiff-appellee.

Mosley, Wells, Johnson & Ruttum, P.C., Philip E. Johnson, Jay D. Pedelty, Denver, for defendants-appellants.

Opinion by Chief Judge STERNBERG.

Defendants, Avon Center Holdings, Inc., and Nicolas Marsch, appeal the judgment entered against them on breach of a stipulated judgment. We affirm.

The essential facts are undisputed. The action was commenced in December of 1986 by Western Gulf Savings and Loan Association (lender), predecessor in interest to the Resolution Trust Corporation (RTC). Lender sought to collect an alleged deficiency remaining due on a promissory note executed by Avon, guaranteed by Marsch, and secured by a deed of trust against certain real property in Eagle County. The complaint asserted that, following foreclosure and sale, a balance of approximately $3.5 million plus interest at the agreed rate of 18% per annum was left unsatisfied,

together with requested costs and attorney fees. Defendants answered and counterclaimed, contending lender as the sole bidder at the foreclosure sale had intentionally failed to offer the true value of the property and that, thus, the debt upon the note should be declared extinguished.

Lender's first motion for summary judgment was denied by the trial court; however, a second for partial summary judgment was granted on April 21, 1989. In granting the motion, the court determined that execution of and default upon the note had been established, and it entered judgment against defendants jointly and severally in the prayed amount with interest thereon at 18% per annum allowed from August 27, 1986, plus attorney fees and costs. The judgment further provided "that defendants retain the right to go forward with their affirmative defenses and counterclaims at trial and should they establish a right to relief the Court reserves the right to alter or modify the foregoing judgment...."

On February 13, 1990, and prior to trial, the parties entered into a "stipulation and agreement" whereby defendants agreed to pay lender $2 million in accordance with a specified schedule. The stipulation further provided:

2. Interest shall accrue beginning August 25, 1991 on any balance due at the rate of eight percent (8%) per annum. All accrued interest will be due and payable on the date of each annual payment as specified [above].

. . . .

4. In the event any scheduled payment is not made ... on or before the due date, written notice will be given to Defendants' counsel ... and if payment is not made as herein provided within thirty (30) days after the date of the notice, then on the motion of Plaintiff, supported by an affidavit of nonpayment, judgment will enter in favor of Western Gulf and against the Defendants jointly and severally for the total sum of Five Million Seven Hundred Thousand Dollars ($5,700,000.00) plus interest from the date of this Agreement at the original

default rate of eighteen percent (18%) per annum, less any amounts paid by Defendants pursuant to this agreement prior to the entry of such judgment, plus post-judgment interest and costs as allowed by law.

5. In the event any of the Defendants file for protection under the Bankruptcy laws of the United States or any state, the amount of Western Gulf's claim against the Defendant who so files is agreed to be Five Million Seven Hundred Thousand Dollars ($5,700,000.00) plus interest from the date of this Agreement at the original default rate of eighteen percent (18%) per annum, which is the amount sought by Western Gulf in this litigation (including principal, default interest, costs and attorneys fees), less any amounts paid by Defendants pursuant to this agreement.

. . . .

8. Based upon the settlement, all other claims and counterclaims in this action will be dismissed with prejudice. Nothing herein shall affect other actions, claims or disputes involving these parties.

9. The Court will retain jurisdiction to enforce the terms of the settlement.

10. In view of this settlement the existing summary judgment will be vacated.

The settlement was approved and made an order of the court on March 5, 1990.

When defendants failed to make the first payment under the stipulation, the lender moved for entry of judgment of $5,700,000 as provided by the agreement. The trial court entered judgment in that amount on April 15, 1991. On April 30, 1991, defendants moved to amend the judgment. They did not dispute the default; instead, they argued their liability for principal should be limited to $2 million because the additional $3,700,000 constituted an unenforceable penalty. The trial court denied the motion, stating "that under all the circumstance the sum of $3,700,000 was placed in the stipulation as a fair evaluation of the amounts of money which would be due and owing if [lender] had prevailed on all aspects of the case." The court concluded

the enhanced sum did not constitute a penalty.

On appeal, defendants contend that if a sum of money is made payable upon default in the payment of a smaller sum, the difference between the two is not a reasonable estimate of injury cognizable as liquidated damages, but is an unenforceable penalty. Under the circumstances here, we do not agree.

■ As defendants note, a settlement agreement is a contract and must generally be construed and enforced like any other contract. *Recreational Development Co. v. American Construction Co.*, 749 P.2d 1002 (Colo.App.1987). Neither party argues that our analysis should be premised on C.R.C.P. 60(b); therefore, we employ a strict contractual analysis.

■ The law favors the compromise and settlement of claims and such a resolution will typically be sustained by the courts. A debtor who enters into a settlement is presumed to have done so with full understanding and to have consulted his own interests. *West v. Wegeforth*, 79 Colo. 444, 246 P. 204 (1926).

■ In our view, defendants misapprehend the nature and obvious object of the agreement at issue. It is generally true that in the case of a contract for the payment of money, a covenant to pay a fixed sum greatly in excess of the interest accruing during a period of default in payment will be regarded as an agreement for a penalty, and not as one for liquidated damages, and is therefore unenforceable. *Grooms v. Rice*, 163 Colo. 234, 429 P.2d 298 (1967). *See also Bilz v. Powell*, 50 Colo. 482, 117 P. 344 (1911). However, the instant agreement is not a contract upon a primary obligation made in advance for a penalty upon defendants' nonperformance; rather, it is a settlement arrived at after an agreed breach occurred under the note. As explained in 5 S. Williston, *Contracts* § 780 (3d ed. 1961), in a contract of accord for breach of a previously broken contract, the parties may agree on what terms of settlement they will, however unfavorable

(short of unconscionability) the accord may be to the party in default.

Here, the agreement is in no way ambiguous and plainly addresses the consequence of an incident of default. The agreement resulted from a disputed claim for a larger amount which was, at least upon the *prima facie* case, established by the court's order of summary judgment. The amount finally calculated as the sum due upon breach of the settlement agreement was accepted by the parties here, apparently being determined by application of the 18% interest rate to the previously adjudicated total. The agreement was made the judgment of the court at the request of the parties and with their consent.

Thus, the provision for judgment of the larger sum if the smaller was not paid is not an unenforceable penalty because the larger sum bears a reasonable relation to the losses the parties considered and agreed might be sustained. It is this recognition which was the recited, manifest, and evident impetus for the compromise we now construe. *See Shepherd v. Continental Bank*, 28 Wash.App. 346, 622 P.2d 1310 (1981). *See also Aubrey v. Angel Enterprises, Inc.*, 43 Wash.App. 429, 717 P.2d 313 (1986). Accordingly, we decline, in the context of this compromised, voluntarily executed and judicially approved settlement of a previously breached contract, to make a more favorable contract for defendants than they made for themselves.

Judgment affirmed.

CRISWELL and MARQUEZ, JJ., concur.