**Lucy S. DIKEOU, Plaintiff–Appellant,**

v.

**John P. DIKEOU, Defendant–Appellee.**

### No. 94CA1043.

Colorado Court of Appeals,
Div. II.

Sept. 14, 1995.

Rehearing Denied Oct. 12, 1995.

Certiorari Granted May 20, 1996.

McKenna & Cuneo, Daniel S. Hoffman; Holme Roberts & Owen, L.L.C., Kelvin D. Jones, III, Denver, for plaintiff-appellant.

Lance P. Vanzant, Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Lucy S. Dikeou, appeals a judgment entered by the trial court in her favor and against defendant, John P. Dikeou, for the balance due on promissory notes plus attorney fees and costs. We affirm in part and reverse in part.

Defendant signed a promissory note payable to plaintiff in the amount of $900,000. The note provided for monthly payments in the amount of $9,750 to cover the monthly interest and called for the principal balance to be paid in full on or before August 30, 1988. The note also provided for a $50,000 penalty should defendant violate a provision of the note calling for him to pay certain costs of insurance and appraisals respecting real estate that secured the note.

The principal due date was subsequently extended to August 30, 1990, by a second written note executed in December 1988, entitled "Modification of Promissory Note." Both notes included a provision for late

charges in the amount of $700 per day for any delinquent payment.

Upon failure to make timely payments on the notes, defendant accrued $106,400 in late charges. In late 1990, defendant made a payment on the notes reducing the principal balance to $472,764.45. In addition, defendant paid the late charges that had accrued as of that time. On or about August 15, 1991, plaintiff made a demand for payment on the notes in full and payment of all late charges calculated at $413.33 per day from November 1, 1990, plus payment of the $50,000 penalty.

Prior to trial, the court ruled on summary judgment that defendant had defaulted on the notes and was indebted to the plaintiff for the remaining principal and for undetermined late charges. The case went to trial to determine the amount of late charges to which plaintiff was entitled.

Subsequent to trial, the court entered judgment for plaintiff in the amount of $472,764.45 for the principal amount due on the notes, attorney fees of $10,500, expert witness fees of $560, and costs of $1,805.77 with interest to accrue from the date of the order at 8% per annum. In addition, the trial court ruled that the provisions for daily charges for delinquent payments and for the $50,000 assessment were unenforceable penalties that bore no relation to any possible damages the plaintiff incurred.

## I.

■ Plaintiff first contends that the trial court erred in failing to award her late charges in the amount of $509,222.56 under the promissory notes. We disagree.

Plaintiff argues that the late charges in the amount of $700 per day for any overdue payment on the notes are akin to interest charges under the usury statute, § 5–12–103, C.R.S. (1992 Repl.Vol. 2), and within the maximum allowable rates under that statute. We conclude it is unnecessary to determine whether the late charges are usurious and in violation of § 5–12–103 since they are penalties that are unenforceable under the standards set forth in *Perino v. Jarvis,* 135 Colo. 393, 312 P.2d 108 (1957).

In *Perino,* our supreme court recognized the central elements necessary for a valid and enforceable liquidated damages provision in a contract. Plaintiff contends, however, that the test for liquidated damages established in *Perino* is inapplicable here because a subsequent modification of the original promissory note acted as a settlement which the defendant voluntarily executed, and in which he agreed to the terms of the liquidated damages. Hence, under the authority of *Resolution Trust Corp. v. Avon Center Holdings, Inc.,* 832 P.2d 1073 (Colo.App. 1992), plaintiff contends that since the parties reached a compromise in response to a breach of a previous agreement, this court should not interfere with the terms of the settlement, however unfavorable to the defendant.

In *Resolution Trust Corp.,* a division of this court recognized that, while generally a covenant to pay a fixed sum greatly in excess of interest accruing during a period of default will be treated as a penalty and unenforceable, a settlement entered into as a "stipulation and agreement" was not a contract upon the primary obligation but, rather, was a contract of accord in which both parties compromised their positions upon a breach of a previous contract. The court concluded that the parties may agree upon any terms of settlement they deem necessary and that the courts should not interfere with the settlement no matter how unfavorable the accord may be (short of unconscionability) to the party in default.

Here, the trial court determined that the modification note was a substitution note which altered some of the terms and conditions of the original note but incorporated the original note into the modification note and was, therefore, not an accord. Furthermore, we note that, unlike the judicially approved settlement agreement in *Resolution Trust Corp.* in which both parties compromised their positions, here the modification note simply altered the original obligation, but did not compromise it.

The modification note subsumed the original promissory note and, like the original note, was a contract on the $900,000 primary

obligation. We conclude that the modification note was not meant to be a settlement agreement, but rather was merely a modification of the original note based upon the primary obligation, and therefore, the late charges in the promissory notes are subject to review under *Perino* to determine whether they are an unenforceable penalty.

■ Under *Perino*, in order for a provision for liquidated damages to be enforceable, the anticipated damages in case of breach must be uncertain in amount or difficult to be proved, the parties must intend to liquidate the damages in advance, and the amount stated as liquidated damages must be reasonable and not greatly disproportionate to the presumable loss or injury.

■ The trial court, in its ruling, and referring both to the late payment daily penalty fee and the $50,000 penalty, stated:

> And in the Court's view, the provisions for [daily late charges] amount to an unenforceable penalty in this case. They bear no relationship whatever to any possible damage the plaintiff might have, and the amounts ... are quite shocking. So I'm going to rule that the late payment penalties are unenforceable.
>
> And in my view, the same ... applies to the $50,000. That's clearly a penalty unless there's some damage shown as far as the plaintiff is concerned, and there's no showing of any damages whatever. And certainly if she's giving up her interest in the security in this case [a point the court specifically asked about and was assured of prior to the trial], there is no damage.
>
> So the Court rules that neither the $50,000 nor the late-payment penalties are enforceable in this case.

While the notes were signed by both parties indicating that they mutually agreed to liquidate damages in advance, the record supports the trial court's findings and conclusions that the penalty provisions are not enforceable. The record does not reveal any evidence or testimony that the anticipated damages in case of breach are difficult to ascertain. Moreover, the record is devoid of any indication that the late charges are reasonable and proportionate to any possible injury suffered by the plaintiff when the defendant failed to make timely payments.

Under these circumstances, we conclude that the trial court was correct in ruling that the late charges provision and the $50,000 provision were agreements for penalties and, therefore, were unenforceable against the defendant. *See Grooms v. Rice,* 163 Colo. 234, 429 P.2d 298 (1967).

## II.

■ Plaintiff next contends that the trial court erred in awarding post-judgment interest to accrue from the date of the order at 8% per annum when the note provided for a rate of 13% per annum. We agree.

Plaintiff contends that § 5–12–102(4)(a), C.R.S. (1992 Repl.Vol. 2) allows for post-judgment interest to accrue at the rate specified in a contract. Since the notes provided that interest should accrue on an unpaid balance at a rate of 13% until paid in full, plaintiff argues the trial court erred in ordering interest to accrue at 8% per annum.

Defendant concedes on this issue. *See Tajalli v. Gharibi,* 758 P.2d 190 (Colo.App. 1988). However, defendant argues that we should remand this issue to the trial court to determine if the notes provide for a post-judgment rate of 13%.

■ Since the interpretation of a contract is a question of law, *Holland v. Board of County Commissioners,* 883 P.2d 500 (Colo.App.1994), we elect to resolve this issue. We conclude that since the notes provide for interest to accrue at a rate of 13% per annum until paid in full, this rate applies to post-judgment interest.

Accordingly, the judgment of the trial court is affirmed in regard to the unenforceability of the late charges. It is reversed on the issue of post-judgment interest, and the cause is remanded with directions that such interest be awarded at the rate of 13% per annum.

CASEBOLT and PIERCE *, JJ., concur.